1. CONSTITUTIONAL LAW. *Act 1891, imposing privilege tax on turnpikes, valid.*

Acts 1891, Ch. 25, p. 67, imposing an annual privilege tax of $25 upon "each toll-gate on turnpikes that collect toll for both ways," is constitutional and valid.

Act construed: Acts 1891, Ch. 25, p. 67.

2. SAME. *Same.*

The Legislature has power to declare the business of running a turnpike for tolls a privilege, and tax it as such.

Constitution construed: Art. II., ? 28.

Cases cited and approved: Kurth *v.* State, 86 Tenn., 736; Columbia *v.* Guest, 3 Head, 414; Jenkins *v.* Erwin, 8 Heis., 456.

3. SAME. *Same.*

This statute is not vicious class legislation. The classification adopted is not arbitrary or capricious. Substantial distinctions exist, from the taxation point of view, between turnpikes charging "toll for both ways," and those charging toll only one way, or not at all.

4. SAME. *Same.*

This statute is not invalid upon the ground that it violates the charter contracts of turnpike companies. Corporations take their franchises and privileges, in the absence of explicit contract for exemption, subject to the State's right to impose license or other taxes thereon.

Cases cited and approved: Memphis Gas Co. *v.* Shelby County, 109 U. S., 398; 143 U. S., 198.

5. TAXATION. *Exemptions from.*

Exemptions from taxation are never allowed unless they are granted in "clear and unmistakable words." Every doubt and presumption prevails against them.

Cases cited and approved: Memphis *v.* Bank and Ins. Co., 91 Tenn., 546, 550; 18 Wall., 226; 117 U. S., 136; 143 U. S., 195.

24—8 P

Turnpike Cases,

6. SAME. *Charter construed as giving no exemption.*

A turnpike company has no exemption from taxation where it is granted, by legislative charter, "all the rights, powers, and privileges" of an existing company, whose charter contained an exemption from taxation. Exemption from taxation is not embraced in the terms "rights, powers, and privileges."

Cases cited and approved: Wilson *v.* Gaines, 9 Bax., 546; Memphis *v.* Phœnix Ins. Co., 91 Tenn., 567.

NASHVILLE, ETC., TURNPIKE CO. *v.* WHITE.

FROM RUTHERFORD.

Appeal from Chancery Court of Rutherford County. W. S. BEARDEN, Ch.

H. E. PALMER and R. McPHAIL SMITH for Turnpike Co.

Attorney-general PICKLE for White.

WALLACE *v.* CORNERSVILLE, *etc.*, TURNPIKE CO.

FROM MARSHALL.

Appeal in error from Circuit Court of Marshall County. E. D. PATTERSON, J.

Attorney-general Pickle and W. W. Walker for Wallace.

James Turney, J. H. Lewis, and J. J. Murray for Turnpike Co.

A. D. Bright, Sp. J. By the Acts of the General Assembly of Tennessee, passed at extra session of 1891, a privilege tax of twenty-five dollars per annum was levied upon each toll-gate on turnpikes that collect toll for both ways. By Section 9 of said Act it is made a misdemeanor for exercising any of the privileges enumerated in said Act without first paying the tax prescribed for the exercise of said privilege; and all parties so offending shall be liable to a fine of not less than the entire amount of taxes owed or due, to go to the State, and, in addition, a penalty of fifteen per cent.

The complainant, the Nashville, Murfreesboro and Shelbyville Turnpike Company, was chartered by the State of Tennessee in 1831. There is no contract of exemption of taxation in its charter. The complainant is a turnpike company charging toll both ways. It paid this tax to defendant, the Clerk of the County Court of Rutherford County, under protest, and this suit is brought, under the statute, to recover the same. Upon demurrer, the bill was dismissed by the Chancellor, and complainant has appealed. And it is insisted by them that this toll-gate privilege tax is unconstitutional and void, and in violation of Section

8, Article I., of the Constitution, and "is not the law of the land," and that said tax impairs the obligation of 'the contract contained in complainant's charter, and because arbitrary and irrational, and an inadmissible exercise of the taxing power.

Under the Constitution, Article II., Section 28, it is provided that "the Legislature shall have power to tax merchants, peddlers, and privileges in such manner as they may, from time to time, direct." Construing this section of our Constitution, this Court has defined a privilege to be whatever the Legislature chooses to declare to be a privilege, meaning thereby that whatever occupation affects the public may be so classed and taxed as such. 2 Pickle, 136; 3 Head, 414; 8 Heis., 456.

The same question herein presented came before this Court in the case of the *Memphis Gas Co.* v. *Shelby County*. This case was carried, by writ of error, to the Supreme Court of the United States, which Court upheld the right to impose the privilege tax upon the gas company. The averment was made "that if no express contract against taxation can be found here [referring to the charter], it must be implied, because to permit the State to tax this company, by a license tax, for the privilege granted by its charter is to destroy that privilege. But the answer [says the Court] is that the company took their charter subject to the same right of taxation in the State that applies to all other privileges, and to all other property. If they wished or intended to have an exemption

of any kind from taxation, or felt that it was necessary to the profitable working of their business, they should have required a provision to that effect in their charter." 109 U. S., 398.

In 143 U. S., 198, this case is cited and approved, and same principle decided and adhered to.

It is well settled that exemption from taxation is never presumed. The Legislature itself cannot be held to have intended to surrender the taxing power, unless its intention to do so has been declared in clear and unmistakable words. 143 U. S., 195.

The right of taxation is inherent. It is a prerogative essential to the perpetuity of the Government; and he who claims an exemption from the common .burden, must justify his claim by the clearest grant of organic or statute law. 7 Pickle, 550.

"If a doubt arise as to the intent of the Legislature, that doubt must be solved in favor of the State." 18 Wallace, 226.

The presumption is always " against any surrender of the taxing power." 117 U. S., 136. Cited and approved in 7 Pickle, 550.

"The right of taxation is inherent in the State." 7 Pickle, 546.

We therefore hold, in view of the above authorities, the precise point involved in this case being decided in 143 and 109 U. S. Reports as above cited, that the Legislature had the right to levy the privilege tax upon the complainants, and

that same is constitutional, and not arbitrary or irrational.

It therefore follows that the decree of the Chancellor dismissing the bill is correct, and will be affirmed with costs.

The case of *Wallace* v. *The Cornersville and Lewisburg Turnpike Company* presents this additional question. By their charter, Section 3, it provides: "The president and directors of said company shall have all the powers and perform all the duties that are required of and allowed by law to the Lebanon and Nashville Turnpike Company; and the said body-corporate shall have, enjoy, and possess all the rights, powers, and privileges, subject to the same conditions, limitations, and restrictions granted to and imposed upon the Lebanon and Nashville Turnpike Company, except so far as the provisions of this Act and the laws of the State come in conflict with the same."

In Section 5 of Act incorporating the Lebanon and Nashville Turnpike Company is provided as follows: "The property in said road, when completed, shall vest in the said company and their successors for the purpose of a highway, which shall be free for all persons on the terms and conditions herein prescribed, and the same shall not be liable to taxation."

It is now insisted that this is a contract between the State and turnpike company to exempt same from taxation, and, therefore, on this ground

also the turnpike company is not liable to the privilege tax imposed by the Acts of 1891.

Exemptions from taxation are contrary to public policy, and can only be granted in clear and unmistakable terms. They are not creatures of intendment or presumption.

It has been repeatedly held by this Court that the term "privilege" did not include exemption, nor was. it so intended by the Legislature in its use in the Act referred to.

Under the decision of the case of *Wilson* v. *Gaines*, 9 Bax., 546, and authorities there cited and re-affirmed in 7 Pickle, 567, which is decisive of this case on this point, we hold that there is no contract of exemption in the charter of the turnpike company, and they are liable for said privilege tax.

The Circuit Judge held otherwise, and the case is reversed, and petition for *certiorari* dismissed and *supersedeas* discharged, and appellees are taxed with the costs of this cause.