## CITY OF FORT WORTH V. ISAAC SHERO.

Delivered July 3, 1897.

**1. Municipal Corporation—Notice of Injuries—On Whom Served.**

Service on the city secretary of a notice of injuries caused by a defective street is insufficient under a provision in the charter requiring it to be served on the city council.

**2. Same—Same—Time Within Which Given.**

Notice of injuries caused by a defective street must be given within the time required by the city charter, in order to sustain an action for damages.

APPEAL from Tarrant. Tried below before Hon. IRBY DUNKLIN.

*W. D. Williams* and *Theodore Mack*, for appellant.

*Fruit & Smith*, for appellee.

HUNTER, ASSOCIATE JUSTICE.—On May 11, 1895, about 9 o'clock at night, appellee, in company with a friend, was walking south on the east sidewalk of Jennings avenue, opposite and in front of the United States postoffice building, said avenue and sidewalk being one of the public streets and sidewalks of appellant city, when he stumbled and fell over an iron stake and guy rope fastened thereto, which stake had been driven into the sidewalk about two and a half feet from the curb stone, the sidewalk being ten feet wide. It was a dark night, and no light or danger signal was placed at or near the obstruction. There was a city electric

light on the north and one on the south, but they were about 200 feet from the obstruction and did not sufficiently light the sidewalk at this point to disclose the obstruction. The iron stake had been driven in the sidewalk, and the rope—a large two inch cable—affixed thereto by the contractors then erecting the Federal building, to support a derrick used by the said contractors in raising stone and other material used in the construction of said building, and the evidence is conflicting as to the length of time the stake and rope had been there, some of appellee's witnesses fixing it at two months, and some of appellant's witnesses fixing it at only a few days. It is not shown that the city, through any of its officers, had actual notice of the existence of the obstruction. By this fall the evidence tends to show appellee was seriously injured, for which injuries he recovered $5000 damages.

A few days after he was injured, getting no better, the appellee sent for Mr. Smith, an attorney at law, of the firm of Pruit & Smith, and engaged the firm, through him, to take charge of his case against the city. These attorneys consulted with the attending physician immediately and frequently, who was for several weeks unable to say what the extent of his injuries were, or that they would be permanent, until about the 7th of June, when the physician informed said attorneys of the extent and character of the injuries, and that they would probably be permanent and serious in their character. Thereupon, on the 8th day of June, 1895, the said attorneys prepared the following:

"Fort Worth, Texas, June 8, 1895.
"To the Honorable City Council of Fort Worth:
"Your petitioner, Isaac Shero, would show and represent unto your honorable body that on the night of the 11th day of May, 1895, at about 9 o'clock p. m., while he was walking on the east sidewalk on Jennings avenue, directly east of and opposite to the Federal building, he stumbled over a stake one foot in height, driven in the earth about the center of the sidewalk, and also over a rope attached to said stake and drawn across said sidewalk and attached to the top of said building; that after he stumbled at said time and place he fell to the ground; that his feet struck said obstructions, and while he was in the act of falling as aforesaid, and in said fall, and while he was making an effort to keep from falling at said time and place, his back and vertebral column were sprained, wrenched, bruised, and injured, and other parts of his body, both internal and external, were bruised, and injured; and that your petitioner by reason thereof is permanently injured and has suffered much physical and mental pain, and has been prevented and hindered from working, laboring, and earning a livelihood, and has spent large sums of money in and about the getting cured of his said injuries; all to his damage in the sum of $15,000. Petitioner says that said injuries and damages were caused by no negligence of his, but were caused by the negligence of the city of Fort Worth and its agents in willfully and negligently allowing and permitting said obstruction on said sidewalk for more than four

months prior to said injury, and in negligently failing to have said place of obstruction lighted so as to avert said injury. Whereby he says said city became liable to him for said damages, and he hereby notifies said city of said injuries, and asks damages in said sum.

"PRUIT & SMITH,

"Attorneys for Isaac Shero."

During all this time appellee had been confined to his room and bed. Appellee's attorney, Mr. Pruit, after making frequent calls at the mayor's office and failing to find him, to use his own language, says: "I found John T. Montgomery who was at that time secretary of the city of Fort Worth, in the front door of the city hall, and also Aldermen William Barr and B. F. Wallis, both of whom were aldermen of the city of Fort Worth at that time. I then told them in substance what the notice was, and handed it to John T. Montgomery, the city secretary, or rather he asked me for it and I gave it to him, and he said of course he would present it to the council at the first meeting. The council was not in session at that time. This was Saturday evening. * * * Notices and demands against the city of Fort Worth it is customary to file with the city secretary. This notice was acted on by the city council at the next meeting, which was the following Tuesday evening, I believe; it was presented. This was served on the 8th, and the 11th of June was when they met." The city council met every two weeks then. They met on the 11th of June, at which meeting this notice was presented to them, and on the 28th day of May and on the 14th day of May, 1895.

The city of Fort Worth at the time of the injury was being administered under a special charter granted by the Legislature, and its city council consisted then of the mayor and eighteen aldermen. Section 159b of said charter, relating to injuries of this character, is as follows: "Before the city of Fort Worth shall be liable for any damages of any kind, such person, or some one in his behalf, shall give the city council notice in writing of such injury within thirty days after the same shall have been received, stating in such notice how and when the injury occurred and the extent thereof."

The question in this case is whether the city of Fort Worth is liable for the damages appellee has sustained by reason of the injuries he received on the night of the 11th of May, 1895, he having failed to deliver this notice to the city council within the thirty days prescribed by the section of the charter above quoted.

The Legislature has prescribed that the city shall not be liable unless notice is given in writing *within thirty days* after the injury shall have been *received.* The injury was *received* at the time he stumbled and fell, although the doctor, as is usual in such cases, was then and for some time afterwards unable to state the extent and permanency thereof. The statute makes no allowance for this. The notice must be given to the *city council.* The section under consideration does not provide that notice shall be given to the *city.* If it did, we might reasonably conclude

that service on the city secretary, or mayor, or other officer of the city upon whom citations may be served in case of suits against the city, would be sufficient.

It must be given *within thirty days*. The Legislature had the power to make it ten days or sixty days, but it fixed the time at thirty days, and provided that the city should not be liable unless the notice was given within that time. We can not say that the time is unreasonably short; nor are we prepared to say that the judicial department of the State has any power to pass upon the reasonableness of the time fixed by the Legislature in such cases. In some of the States it is fixed at fourteen days (Greenleaf v. Norridgwock, 82 Maine, 62), in some at thirty, and in some at more than thirty.

In Massachusetts a statute of 1877 required such notices to be given within thirty days, unless from physical or mental incapacity it is impossible for the person injured to give such notice, in which case he may give such notice within ten days after such incapacity is removed, and it is there held that this notice, given within the time required, is a condition precedent to the right of recovery, and in a case where the notice was not given with thirty days the court say: "No liability ever attached against the city, and it was not within the power of the city council, or of its committee, to create a liability by any agreement or waiver." Gay v. City of Cambridge, 128 Mass., 387; May v. City of Boston, 150 Mass., 517. And in Harris v. Newbury, 128 Massachusetts, 325, the court say: "The requirement that the notice be given thus early (thirty days) after the injury is for the protection of the municipality, to prevent the bringing of actions on fictitious claims, and to enable towns and cities to investigate all claims for injury from defects in the highway soon after the injury is said to have been sustained, and while all important evidence, both as to the condition of the way and as to the fact of the injury, is likely to be within reach of diligent inquiry." See also Jones v. City of Albany, 62 Hun (N. Y.), 355.

Such statutes are not directory merely; they are mandatory. "Such notice as the statute mentions must not only be given, but it must be averred in the writ and proved at the trial, or the action can not be maintained." Greenleaf v. Norridgwock, 82 Me., 64; Low v. Windham, 75 Me., 113.

In this case the undisputed evidence of the appellee is that the notice of the injury was not given to the city council until the day after the expiration of the thirty days within which the notice was required to be given, under the provisions of the charter, and we are therefore of opinion that the city is not liable to him for the damages sustained by reason of such injury, and that the court should have instructed a verdict for defendant.

We therefore order that the judgment of the District Court be reversed and here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.