## DAYTON COAL AND IRON COMPANY *v.* BARTON.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 26. Argued and submitted March 7, 1901.—Decided October 21, 1901.

*Knoxville Iron Company* v. *Harbison, ante* 13, followed.

THIS was an action tried in the circuit court of Rhea County, Tennessee, wherein T. A. Barton, a citizen of Tennessee, sought to recover from the Dayton Coal and Iron Company (Limited), a corporation organized under the laws of Great Britain, and doing business as manufacturer of pig iron and coke in said county. The company owns a store where it sells goods to its employés and other persons. The company also has a monthly pay day, and settles in cash with its employés on said pay day. In the mean time, and to such of its employés as see fit to request the same, it issues orders on its storekeeper for goods.

On March 17, 1899, the legislature of Tennessee passed an act requiring " all persons, firms, corporations and companies, using coupons, scrip, punchout, store orders, or other evidences of indebtedness to pay laborers and employés for labor or otherwise, to redeem the same in good and lawful money of the United States in the hands of their employés, laborers, or a *bona fide* holder, and to provide a legal remedy for collection of same in favor of said laborers, employés and such *bona fide* holders."

This was a suit brought by said Barton to recover as a *bona fide* holder of certain store orders that had been issued by the defendant company to some of its laborers in payment for labor. The defendant company denied the validity of the legislation, as well under the laws and constitution of Tennessee as the Fourteenth Amendment of the Constitution of the United States. The plaintiff recovered a judgment against the company in the circuit court of Rhea County, and this judgment was affirmed by the Supreme Court of Tennessee, whereupon a writ of error from this court was allowed by the Chief Justice of the state Supreme Court.

*Mr. Frederick Lee Mansfield* for the Dayton Coal and Iron Company.

*Mr. Benjamin Gorden McKenzie* for Barton.

Mr. Justice Shiras, after making the above statement, delivered the opinion of the court.

The only question presented for our consideration in this record is the validity, under the Fourteenth Amendment of the Constitution of the United States, of the act of the legislature of the State of Tennessee, prescribing that corporations and other persons, issuing store orders in payment for labor shall redeem them in cash, and providing a legal remedy for *bona fide* holders of such orders.

In the case of *The Knoxville Iron Company* v. *Samuel Harbison,* in error to the Supreme Court of Tennessee, decided at the present term, we affirmed the judgment of that court sustaining the constitutional validity of the state legislation in question, and the cause now before us is sufficiently disposed of by a reference to that case.

The only difference in the cases is, that in the former the plaintiff in error was a domestic corporation of the State of Tennessee, while, in the present, the plaintiff in error is a foreign corporation. If that fact can be considered as a ground for a different conclusion, it would not help the present plaintiff in error, whose right, as a foreign corporation, to carry on business in the State of Tennessee, might be deemed subject to the condition of obeying the regulations prescribed in the legislation of the State. As was said in *Orient Insurance Co.* v. *Daggs,* 172 U. S. 557, 566, that " which a State may do with corporations of its own creation it may do with foreign corporations admitted into the State. . . . The power of a State to impose conditions upon foreign corporations is certainly as extensive as the power over domestic corporations, and is fully explained in *Hooper* v. *California,* 155 U. S. 648."

We do not care, however, to put our present decision upon the fact that the plaintiff in error is a foreign corporation, nor

to be understood to intimate that state legislation, invalid as contrary to the Constitution of the United States, can be imposed as a condition upon the right of such a corporation to do business within the State. *Home Ins. Co.* v. *Morse*, 20 Wall. 445; *Blake* v. *McClung*, 172 U. S. 239, 254.

The judgment of the Supreme Court of Tennessee is

*Affirmed.*

MR. JUSTICE BREWER and MR. JUSTICE PECKHAM dissented.