Schmidt v. City of Fremont.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.

WILLIAM SCHMIDT, JR., A MINOR, BY WILLIAM SCHMIDT, SR., HIS NEXT FRIEND, v. CITY OF FREMONT.

FILED DECEMBER 16, 1903.   No. 13,233.

1. **Cities:** NOTICE. The maxim that physical incapacity to perform a duty enjoined by law excuses nonperformance, is not available to extend the time, or afford an opportunity, for the fixing of a statutory liability upon another.

2. ————: DEFECTIVE SIDEWALKS: LIABILITY. Unless the notice required by section 39, article 3, chapter 13, of the Compiled Statutes of 1901, governing cities of more than 5,000 and less than 25,000 inhabitants, has been given within the prescribed time, there can be no recovery from such a city of damages arising from the causes therein mentioned.

ERROR to the district court for Dodge county: JAMES A. GRIMISON, JUDGE. *Affirmed.*

*Frank Dolezal,* for plaintiff in error.

*Charles E. Abbott, contra.*

AMES, C.

The plaintiff in error, when a boy ten years of age, fell on a sidewalk in the city of Fremont and broke his arm. This action was brought to recover damages from the city, for alleged negligence in permitting the sidewalk to be dangerously out of repair, and thereby causing the fall. After the introduction of evidence by both parties, the jury were instructed to return a verdict for the defendant, which they did; and a judgment was rendered accordingly. The statute governing the city at the time of the accident contained the following section:

"No city shall be liable for damages arising from defec-

40

tive streets, alleys, sidewalks, * * * within such city, unless actual notice in writing of the accident or injury complained of, with a statement of the nature and extent thereof, and of the time when and the place where the same occurred, shall be proved to have been given to the mayor or city clerk within thirty (30) days after the occurrence of such accident or injury."

No notice conformable to the statute was served upon the mayor or city clerk, or attempted so to be, until the 37th day after the accident complained of. The plaintiff contends that he is excused for failure to give such notice sooner, by reason of incapacity caused by his injury. Whether he is so or not is the only question presented for review. The plaintiff cites no authority directly in point supporting his contention, but urges that physical inability to comply with the law, without fault on his part, is, like the act of God, a sufficient excuse for noncompliance. The validity of the general rule is not doubtful, but we apprehend that it is available only as an excuse for the nonperformance of a legal duty by the party pleading it, but not to extend the time, or afford an opportunity, for the fixing of the statutory liability upon another.

This court held in *Goddard v. City of Lincoln*, 69 Neb. 594:

"The liability of a city, for injuries resulting from defective streets or sidewalks, rests exclusively upon express or implied provisions of the statute, and it is competent for the legislature to limit such liability or remove it entirely. Where a duty is imposed by the legislature, that body may qualify and limit it, and one complaining of an omission to discharge such duty will not be heard to complain of the qualifications and limitations accompanying it."

The notice required by this statute, like the three days' notice required in forcible detainer proceedings, is in the nature of a process by which the action to recover damages is begun, and the statute itself is in the nature of a special statute of limitations without exceptions. We are of opin-

ion that the court can not engraft an exception upon it by construction.

It is recommended that the judgment of the district court be affirmed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.