(107 App. Div. 187.)

### FORSEYTH v. CITY OF OSWEGO.

(Supreme Court, Appellate Division, Fourth Department.   July 31, 1905.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—ACTIONS FOR INJURIES—
CONDITIONS PRECEDENT—SERVICE OF CLAIM.

Compliance by an injured party with Laws 1895, p. 733, c. 394, § 345, requiring all claims against a certain city for injuries caused by defective streets to be presented to the common council, and making the omission to present such a claim a bar to an action for the injury, is, in the absence of a sufficient excuse, a condition precedent to the maintenance of an action against the city for the injuries.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1697.]

2. SAME—SUFFICIENCY OF NOTICE.

A notice stating that plaintiff, while riding along A. street "near" B. street, was thrown from his wagon by reason of the fact that defendant negligently allowed a large stone to be in the highway at that point, but failing to specify the date when the accident happened, and not referring to any house or other monument upon A. street by which the specific location of the stone—which was in fact 300 feet distant from B. street—could be fixed, was not sufficiently definite to satisfy Laws 1895, p. 733, c. 394, § 345, requiring claims against the city for injuries caused by the defective condition of the streets to be presented to the common council in writing, "describing the time, place, cause, and extent of the damage or injury."

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1701, 1702.]

3. SAME—WAIVER OF DEFECTS.

The fact that a person injured by a defective street appeared before the claims committee of the city and was examined was not a waiver of any defects in his claim for damages, filed pursuant to Laws 1895, p. 733, c. 394, § 345, where it was not shown when the examination took place, nor whether it was at the instance of the person injured or of the city, nor that the particulars of the accident were detailed.

Appeal from Trial Term, Oswego County.

Action by Joseph Forseyth against the city of Oswego. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

John Tiernan and George N. Burt, for appellant.

F. T. Cahill, for respondent.

HISCOCK, J.   This action was brought to recover damages claimed to have been sustained by plaintiff through being thrown from a wagon while traveling upon one of defendant's streets upon the night of December 24, 1902. The alleged negligence of the defendant consisted in allowing a large stone to remain in the street, which, by coming in contact with the wagon in which plaintiff was riding, caused his fall. Various propositions as to the negligence of the defendant and the contributory negligence of the plaintiff are argued upon this appeal, but, inasmuch as we regard the notice of claim served by and in behalf of plaintiff fatally defective, necessitating a reversal of the judgment and order, we shall

not consider the other questions presented. The accident happened upon what was known as "9½ Street" or "Duer Street." This street ran north and south, and the block involved in this action was bounded on the north by Hamilton street and upon the south by Bonner street, and was about 530 feet long. Duer street upon the map was laid out a long distance south of Bonner street, but it does not clearly appear whether said latter portion was actually opened and used. It is claimed that there were several stones or boulders in Duer street, and the one complained of was situated about 300 feet north of Bonner street. Plaintiff was riding with his brother, who was driving.

Section 345 of chapter 394, p. 733, Laws 1895 (being the charter of the city of Oswego), and which was in force at the time in question, provides:

"That all claims against the city for damages or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street * * * of the city or from negligence of the city authorities in respect thereto * * * shall within three months after the happening thereof, be presented to the common council by a writing signed by the claimant and properly verified, describing the time, place, cause and extent of the damage or injury. The omission to present such claim as aforesaid within said three months shall be a bar to any action or proceeding therefor against the city."

No notice of claim of any kind was filed by or in behalf of plaintiff until May 11, 1903, which was more than four months after the happening of the accident. There was then filed what is called a petition by plaintiff, addressed to the mayor and common council of the defendant, and which shows to the court the following facts:

"Your petitioner is a resident of the city of Oswego, N. Y., and while riding along east 9½ street near Bonner St. in the city of Oswego, N. Y., in a wagon, and while in the exercise of due care on his part, said petitioner was thrown from said wagon forcibly and unexpectedly to the ground and suffered serious bodily injury by reason of said fall. Said fall was occasioned by the fact that the city of Oswego, its officers, agents and servants negligently and carelessly allowed a large stone or boulder to be and remain in the highway at that point and that said injury was caused wholly and entirely by said negligence and carelessness of said city of Oswego.

"By reason of said fall your petitioner was continuously confined to the house and was unable to transact any business of any kind for more than four months and said petitioner has only been able to leave his house but a few days prior to the date of this petition. By reason of said fall said plaintiff was rendered absolutely incompetent mentally to understand or know the necessity of filing a claim with the city of Oswego and this claim was filed by him at the earliest possible moment after he had become mentally and physically able to give directions for the making out of and presentation of said claim."

The balance of the notice relates to the character of plaintiff's injuries. The petition is dated May 12, 1903, and is verified before plaintiff's present attorney May 11, 1903. As indicated in his petition or notice, plaintiff seeks to excuse his omission to present the same to the proper authorities within the time prescribed by proving that he was mentally and physically incompetent to have the same prepared and served. Testimony was given by him and vari-

ous witnesses in the attempt to sustain this theory by showing that he was rendered mentally incompetent, by reason of one sickness and another during the period December 24, 1902, to May 11, 1903, to supervise the matter in question.   We shall assume the rule to be established that mental and physical conditions which prevent an injured party from complying with a statute requiring him to serve notice of claim will excuse such default.   It is, however, to be noted that the plaintiff attempts to stretch this excuse in his case to a limit which has never before been reached in any of the authorities called to our attention.   The time fixed by the statute before us is a liberal one, and, without restating it here, a review of all of the evidence upon this point leads us to the conclusion that it was decidedly against the weight of evidence for the jury to find that plaintiff for over four months was so incapacitated from action as to prevent him from complying with said statute.

Passing by this point, however, we think that the notice as finally served is so defective as to be insufficient as matter of law.   Compliance by plaintiff with the statute requiring service of this notice was, in the absence of some sufficient excuse, a condition precedent to the maintenance of his action.   There was no evidence indicating that he was not capable of complying with the requirements of the statute as to the form of his notice upon May 11th or 12th, when it was formulated.   The notice itself rebuts any idea of incapacity, and the learned trial justice expressly held that there was no claim or evidence of incompetency at that time.   In addition, it is to be borne in mind in the consideration of these points that plaintiff at all times had available his brother, who was with him at the time of the accident, as a source of any information which might be lacking in his own memory.   There is absolute failure to specify in the notice directly or indirectly the date when the alleged accident happened, and also a failure to specify with sufficient definiteness, as we think, the place where the accident happened. If we adopt the view most favorable to plaintiff that Duer street was not open south of Bonner street, we have his notice specifying the place of accident as "near" Bonner street, when as a matter of fact the obstruction was located 300 feet distant therefrom.   If Duer street was open for use upon both sides of Bonner street, then the indefiniteness of the notice would be doubled.   There is no reference to any house or other monument upon Duer street by which the authorities might fix more definitely the location of the obstruction.   Such a notice was not a sufficient compliance with the requirements of the statute under a construction which, while it does not raise up technical and trifling obstacles to a claimant's success, still does insure to the authorities reasonably definite information by which to investigate and defend claims made against the municipality.   Rauber v. Village of Wellsville, 83 App. Div. 581, 82 N. Y. Supp. 9; Paddock v. City of Syracuse, 61 Hun, 8, 15 N. Y. Supp. 387.   No case is called to our attention which justifies the conclusion that the notice now before us was sufficient.   In the case of Murphy v. Village of Seneca Falls, 57 App. Div. 438, 67 N. Y. Supp. 1013, especially relied upon by the learned trial justice,

the notice, after specifying that the accident happened upon a certain street between two others, further stated that it was in front of or near the premises owned or occupied by a certain person. This latter information of course reduced to reasonable limits the uncertainty of the first part of the notice. In the case of Masters v. City of Troy, 50 Hun, 485, 3 N. Y. Supp. 450, also referred to, and where the notice stated that the accident occurred near the corner of certain streets, it appeared that the plaintiff actually fell 65 feet from the corner. The court held that the notice was sufficient, and, without approving too strongly of this decision, it is sufficient to say that it does not cover a case where the distance of the accident from the point specified was between four and five times as great.

It is urged that because the plaintiff appeared before the claims committee of the defendant, and was examined, after he filed his claim, there has been a waiver of any defects in his notice. The evidence of what took place upon the occasion referred to is very brief. It does not appear when the examination took place, or whether it was at the instance of the plaintiff or the defendant, and it does not appear that the particulars of the accident were detailed. No sufficient reason is indicated for holding defendant estopped from setting up plaintiff's failure to comply with the plain requirements of the statute. The judgment and order should be reversed upon questions of law and fact, and a new trial granted, with costs to appellant to abide event.

Judgment and order reversed upon questions of law and fact, and new trial granted, with costs to appellant to abide event. All concur.