WHITE *v*. MAYOR AND CITY COUNCIL OF NASHVILLE.

(*Nashville*.   December Term, 1915.)

1. CONSTITUTIONAL LAW. Municipal corporations. Class legislation.   Classification.   Unreasonable classification.

Acts 1913, chapter 55, entitled "An act to prescribe the method of bringing suits and to limit the time of bringing suits against municipal corporations on account of injuries to persons or property resulting from the negligence of the officers or employees of such corporations," and declaring that no suit shall be brought against any municipal corporation on account of personal or property injuries resulting from defective conditions of any street, alley, sidewalk, or highway unless within ninety days after such injury has been inflicted, a written notice shall be served upon the mayor of the municipality, stating the time and place where such injury was received and the general nature of the injury, and that failure to give notice shall be a valid defense against any and all liability.   *Held*, that as the act is general in its application and the classification is not unreasonable or capricious, the act is not invalid under Constitution, article 11, section 8, or Constitution U. S. Amend. 14, section 1, as class legislation.   (*Post, pp.* 691-693.)

Acts cited and construed: Acts 1913, ch. 55.

Cases cited and approved: Scott v. Marley, 124 Tenn., 388;  Davis v. State, 71 Tenn., 379;  Condon v. Maloney, 108 Tenn., 82; State v. Schlitz Brewing Co., 104 Tenn., 715;  Demoville v. Davidson Co., 87 Tenn., 215;  Cook v. State, 90 Tenn., 407;  Railroad v. Crider, 91 Tenn., 490;  Turnpike Cases, 92 Tenn., 369;  Dugger v. Ins. Co., 95 Tenn., 245;   Henley v. State, 98 Tenn., 667; Dabardelaben v. State, 99 Tenn., 649;  Railroad v. Harris, 99 Tenn., 684;  Harbison v. Knoxville Iron Co., 103 Tenn., 421; Dayton Co. v. Barton, 103 Tenn., 604;  Leeper v. State, 103 Tenn., 500;  Neas v. Borches, 109 Tenn., 398.

Constitution cited and construed:  Art. 11, sec. 8.

2. **MUNICIPAL CORPORATIONS. Personal injuries. Notice. Waiver.**

Under such statute, the fact that plaintiff pointed out to the legal officers of the municipality the place of her injuries and gave them verbal notice thereof does not excuse a failure to give the written notice, the purpose of the act being to provide written notice to the mayor and municipality, and it not appearing that the law officers of the municipality were authorized to waive such notice. (*Post, pp.* 693-696.)

Cases cited and approved: Starling v. Bedford, 94 Iowa, 194; Trost v. Casselton, 8 N. D., 534; Mitchell v. Worcester, 129 Mass., 525; Schmidt v. Fremont, 70 Neb., 577; Forseyth v. Oswego, 107 App. Div. 187; Ft. Worth v. Shero, 16 Tex. Civ. App., 487; Luke v. El Paso [Tex. Civ. App.], 60 S. W. 363; Hay v. Baraboo, 127 Wis., 1; Denver v. Saulcey, 5 Colo. App., 420; Dorsey v. Racine, 60 Wis., 292; Whalen v. Bates, 19 R. I., 274; Curry v. Buffalo, 135 N. Y. 366; Seamons v. Fitts, 21.R. I., 236; Bancroft v. San Diego, 120 Cal., 432; Bausher v. St. Paul, 72 Minn., 539; Dalton v. Salem, 139 Mass., 91; Harris v. Fond du Lac, 104 Wis., 44; McKenna v. Bates, 19 R. I., 610; Doyle v. Duluth, 74 Minn., 157.

Case cited and distinguished: Cole v. Seattle, 64 Wash., 1.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.—A. G. RUTHERFORD, Judge.

G. S. MOORE, for appellant.

A. G. EWING, JR., and FRANK M. GARARD, for appellee.

134 Tenn. 44

Mr. Justice Buchanan delivered the opinion of the Court.

This was an action for damages in the circuit court of Davidson county, based on the alleged negligence of the city in allowing an obstruction to remain in the street at the intersection of Crawford street and Fourth avenue. The obstruction was a cedar post six or eight inches in diameter, extending about six inches above the surface of the street. Plaintiff stumbled over this obstruction and sustained injuries, and her suit was to recover damages therefor. The defendant demurred to the declaration, interposing as one of its grounds of demurrer that plaintiff had failed to allege that she had complied with chapter 55 of the Acts of 1913. See page 166 of the Public Acts of that year. The demurrer was overruled, whereupon defendant filed its plea of the general issue, and also its special plea based on the noncompliance by the plaintiff with the provisions of chapter 55 of the Acts of 1913, whereupon the plaintiff demurred to the special plea, and her demurrer was overruled. Plaintiff then replied to the special plea as follows:

"That she gave notice of her injuries to defendant, but not in writing, with description of time and place, together with the nature of said injuries, within ninety days of the date said injuries were inflicted. The plaintiff, about four weeks after the injuries, went to the place on Crawford street where she was hurt, with A. G. Ewing, Jr., attorney for defendant city, and John

Barksdale, special agent of the city law department, and there, in reply to questions from them, showed them where she was hurt, the defects in the street, when and how the injury occurred,'' etc.

Plaintiff averred, by her replication, that the acts of the city attorney and the special agent of the law department of the city aforesaid amounted, in law, to a waiver by the city of the notice required by chapter 55 of the Acts of 1913.

Defendant demurred to plaintiff's replication as an insufficient reply to its special plea. This demurrer was sustained by the circuit court, and plaintiff's suit was dismissed at her cost. Plaintiff moved for a new trial. The court overruled the motion, and plaintiff appealed.

The first question necessary to be considered under plaintiff's assignment of errors is the constitutionality of chapter 55 of the Acts of 1913. The act is as follows:

''An act entitled 'An act to prescribe the method of bringing suit, and to limit the time of bringing suit against municipal corporations on account of injuries to persons or property resulting from the negligence of the officers or employees of said municipal corporations.'

''Section 1. Be it enacted by the General Assembly of the State of Tennessee, that no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley,

sidewalk, or highway, of such municipality, unless within ninety days after such injury to the person or property has been inflicted; a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was received, and the general nature of injury inflicted. The failure to give the notice prescribed in this act within the time set out shall be valid defense against any and all liability of the city which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway; and provided, further, that proof of registered letter by registry receipt addressed to the mayor setting forth the injury and place of injury complained of shall be a complete compliance with this act.

"Sec. 2. Be it further enacted, that this act take effect on September 1, 1913."

Appellant insists that the act violates article 11, section 8, of our State Constitution, and section 1 of the Fourteenth Amendment of the Constitution of the United States. The statute is general in its application. It applies to "any municipal corporation in this State," and to all plaintiffs seeking redress against such corporations for injuries received on account of the negligent condition of any city, alley, sidewalk, or highway of such municipality. The classification is not unreasonable, arbitrary, or capricious.

We think the act is constitutional legislation under our authorities: *Scott* v. *Marley,* 124 Tenn. (16 Cates), 388, 137 S. W., 492; *Davis* v. *State,* 3 Lea (71 Tenn.),

379; *Condon* v. *Maloney,* 24 Pick. (108 Tenn.), 82, 65 S. W., 871; *State* v. *Schlitz Brewing Co.,* 20 Pick. (104 Tenn.), 715, 59 S. W., 1033, 78 Am. St. Rep., 941; *Demoville* v. *Davidson County,* 3 Pick. (87 Tenn.), 215, 10 S. W., 353; *Cook* v. *State,* 6 Pick. (90 Tenn.), 407, 16 S. W., 471, 13 L. R. A., 181; *Railroad* v. *Crider,* 7 Pick. (91 Tenn.), 490, 19 S. W., 618; *Turnpike Cases,* 8 Pick. (92 Tenn.), 369, 22 S. W., 75; *Dugger* v. *Ins. Co.,* 11 Pick. (95 Tenn.), 245, 32 S. W., 5, 28 L. R. A., 796; *Henley* v. *State,* 14 Pick. (98 Tenn.), 667, 41 S. W., 352, 1104, 39 L. R. A., 126; *Dabardelaben* v. *State,* 15 Pick. (99 Tenn.), 649, 42 S. W., 684; *Railroad* v. *Harris,* 15 Pick. (99 Tenn.), 684, 43 S. W., 115, 53 L. R. A., 921; *Harbison* v. *Knoxville Iron Co.,* 19 Pick. (103 Tenn.), 421, 53 S. W., 955, 56 L. R. A., 316, 76 Am. St. Rep., 682; Id., 183 U. S., 21, 22 Sup. Ct., 1, 46 L. Ed., 55; *Dayton Co.* v. *Barton,* 19 Pick. (103 Tenn.), 604, 53 S. W., 970, affirmed by the supreme court of the United States, 183 U. S., 23, 22 Sup. Ct., 5, 46 L. Ed., 61; *Leeper* v. *State,* 19 Pick. (103 Tenn.), 500, 53 S. W., 962, 48 L. R. A., 167; *Neas* v. *Borches,* 1 Cates (109 Tenn.), 398, 71 S. W., 50, 97 Am. St. Rep., 851.

The next, and final, question to be considered under plaintiff's assignment of errors is her insistence that her replication disclosed a waiver by the city of the notice required by chapter 55 of the Acts of 1913. We think this position is unsound. The act does not require verbal notice, nor is there anything in the act indicating that verbal notice would suffice; nor does the act require notice to the city attorney; or the spe-

cial agent of the city law department, and there is no indication in the act that its terms are to be met by showing such employees of the city the place where plaintiff's injuries were sustained, and the particular defect in the street, and telling them how the injury occurred. On the other hand, the act requires a written notice, and that it shall be served upon the mayor, and that it shall state the time and place where the injury was received, and the general nature of the injury inflicted. The purpose of this requirement was that there might be, in the office of the mayor, a written record of the plaintiff's claim. The act requires the notice to be given within ninety days after the injury. The purpose of this requirement is manifest, and in all respects reasonable. It was not within the power or authority of the city attorney or special agent to waive the notice required by the act. The act provides that the failure to give the notice prescribed within the time shall be a valid defense against any and all liability of the city which might otherwise exist, and in the concluding portion of the act is the provision:

"That proof of registered letter by registry receipt addressed to the mayor setting forth the injury and place of injury complained of shall be a complete compliance with this act."

In the provision just quoted there is found a plain and easy method of accomplishing the service of the written notice on the mayor required by an earlier provision of the act.

Of such statutes it is said, in McQuillan on Municipal Corporations, volume 6, section 2714, that they have been construed, in some jurisdictions, as mandatory, citing, to sustain the text, *Starling* v. *Bedford,* 94 Iowa, 194, 62 N. W., 674; *Trost* v. *Casselton,* 8 N. D., 534, 79 N. W., 1071, and that such provisions are in some jurisdictions construed to be conditions precedent to the right to sue, citing *Mitchell* v. *Worcester,* 129 Mass., 525; *Schmidt* v. *Fremont,* 70 Neb., 577, 97 N. W., 830; *Forseyth* v. *Oswego,* 107 App. Div., 187, 95 N. Y. Supp., 33; *Ft. Worth* v. *Shero,* 16 Tex. Civ. App., 487, 41 S. W., 704; *Luke* v. *El Paso* (Tex. Civ. App.), 60 S. W., 363; *Hay* v. *Baraboo,* 127 Wis., 1, 105 N. W., 654, 3 L. R. A. (N. S.), 84, 115 Am. St. Rep., 977. In the same section of such provisions the author says: They are "universally upheld, and the general rule is that even the municipality itself cannot waive a compliance with such a requirement, although, as to the latter, the authorities are conflicting." The manifest purpose of the legislature, as indicated by the terms of the act, was "that no suit shall be brought, etc., unless" the notice required by the act should have been given within the time mentioned, and in the manner prescribed by the act.

The purpose of the act was not to benefit the mayor of municipalities, or municipal officers. Its purpose was the protection of municipal bodies corporate. The replication does not aver a waiver by the mayor, for the municipal corporation. The power of the mayor or the corporation to waive the benefits of the act is

therefore not presented. We simply decide that the replication did not disclose a waiver by the city of the benefits of the act.

In *Cole* v. *Seattle*, 64 Wash., 1, 116 Pac., 257, 34 L. R. A. (N. S.), 1166, Ann. Cas., 1913A, 344, a waiver was relied on where the charter required the claim to be presented to the city council and filed with the clerk. The claim was not so presented, and the supreme court of Washington, in disposing of the question, said, in part:

"The · decided weight of authority sustains us in holding that provisions of this character are reasonable, and that notice to some other person than the person or body designated in the law is not a sufficient compliance therewith"—citing *Ft. Worth* v. *Shero,* 16 Tex. Civ. App., 487, 41 S. W., 704; *Denver* v. *Salucey,* 5 Colo. App., 420, 38 Pac., 1098; *Dorsey* v. *Racine,* 60 Wis., 292, 18 N. W., 928; *Whalen* v. *Bates,* 19 R. I., 274, 33 Atl., 224; *Curry* v. *Buffalo,* 135 N. Y., 366, 32 N. E., 80; *Seamons* v. *Fitts,* 21 R. I., 236, 42 Atl., 863; *Bancroft* v. *San Diego,* 120 Cal., 432, 52 Pac., 712; *Bausher* v. *St. Paul,* 72 Minn., 539, 75 N. W., 745; *Dalton* v. *Salem,* 139 Mass., 91, 28 N. E., 576; *Harris* v. *Fond du Lac,* 104 Wis., 44, 80 N. W., 66; *McKenna* v. *Bates,* 19 R. I., 610, 35 Atl., 580, 36 Atl., 1133; *Doyle* v. *Duluth,* 74, Minn., 157, 76 N. W., 1029.

Plaintiff's declaration averred the date of the injury for which she sues, and this date was subsequent to the time when the act went into effect.

There is no error in the judgment, and it is affirmed.