CITY OF NASHVILLE *v.* BLACK.

(*Nashville.    December Term, 1919.*)

1. **MUNICIPAL CORPORATIONS.** Turning team in middle of block, contrary to ordinance, negligence preventing recovery for injury.

Violation of a city ordinance against turning a team in the middle of a block is negligence, and if proximately causing the driver's injury, from falling when a wheel went into a hole, will prevent recovery. (*Post, pp.* 400-403.)

Cases cited and approved:    Schmalzried v. White, 97 Tenn., 37; Adams v. Inn Co., 117 Tenn., 470.

Case cited and distinguished:    Carroll v. Boyle, 140 Tenn., 178.

2. **MUNICIPAL CORPORATIONS.** Proof of notice of injury from defective street condition precedent to right to recover.

Under Pub. Acts 1913, chap. 55, inhibiting action against city for injury from defective condition of street, unless within ninety days after the injury written notice thereof be given the city, plaintiff has the burden of proof of notice, notwithstanding subsequent provision of the statute that failure to give the notice shall be a valid defense against liability. (*Post, pp.* 403-406.)

Cases cited and approved:    Mitchell v. Worcester, 129 Mass., 525; Schmidt v. Fremont, 70 Neb., 577; Forseyth v. Oswego, 107 App. Div., 187; Fort Worth v. Shero, 16 Tex. Civ. App., 487; Luke v. El Paso, 60 S. W., 363; Hay v. Baraboo, 127 Wis., 1; Winter v. City of Niagara Falls, 190 N. Y., 198; Frasch v. New Ulm, 130 Minn., 41; Nichols v. Minneapolis, 30 Minn., 545; Town v. City of Helena, 42 Mont., 127; White v. Mayor & City Council of Nashville, 134 Tenn., 688; Hughes v. City of Nashville, 137 Tenn., 177.

Case cited and distinguished:    City of Nashville v. Mrs. Clara Hull, MS. Dec., 1917.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Jas. B. Newman, Chacellor.

A. G. Ewing, Jr., City Attorney, and J. Washington Moore, Assistant City Attorney, for City of Nashville.

T. J. McMorrough and W. H. Hodgkins, for defendant.

Mr. Justice Hall delivered the opinion of the Court.

An action of damages brought by the plaintiff below, Oliver. Black, against the defendant below, city of Nashville, in the circuit court of Davidson county, to recover for personal injuries sustained by him on account of being thrown from a wagon, in which he was riding along Gay street in the city of Nashville, and which fall, it is claimed by plaintiff, was caused by the defective condition of said street.

The defendant interposed a plea of not guilty to the plaintiff's declaration.

The case was tried before the court and a jury, resulting in a verdict for the sum of $2,500 in favor of the plaintiff. The defendant moved for a new trial.

Pending the hearing of the motion for a new trial, the circuit judge suggested a remittitur of $500. This

was accepted by the plaintiff. Whereupon the defendant's motion for a new trial was overruled, and judgment was entered against the defendant for $2,000, from which it appealed to the court of civil appeals. That court reversed the judgment upon certain errors assigned by the defendant, and remanded the case for a new trial. The plaintiff has filed his petition for writ of *certiorari,* and the case is now before this court for review.

The plaintiff, at the time of the accident resulting in his injuries, lived on the north side of Gay street. Gay street is located immediately north of the Capitol grounds, and runs east and west. Plaintiff's residence was between Seventh avenue and Eighth avenue. He was in the employ of Naive-Spillers Company. The accident occurred at night shortly after dark. The plaintiff drove home in a one-horse wagon, upon which was located a high seat near the front end. He stopped the wagon near the front of his residence so that it stood alongside the curbing on the north or left-hand side of the street, with the horse's head turned east. The wagon was left standing in this position while the plaintiff ate his supper, after which he and another colored man named Jones got in the wagon for the purpose of driving back to the place of business of Naive-Spillers Company. It was their intention to go by the home of one of plaintiff's employers, and take him in the wagon from his home to his said place of business. The home of said employer could most conveniently be reached by traveling south on Eighth avenue. Plaintiff drove the wagon a short distance east from the place where he

had left it standing, when he undertook to turn it around in Gay street near the center of the block. In turning, the right-hand wheel of the wagon dropped into a hole in the street with such force and suddenness that plaintiff was thrown from the seat down between the front end of the wagon and the rear end of the horse. He caught on the breeching of the harness, but the dropping of the wheel into the hole and the falling of plaintiff so frightened the horse that he suddenly lunged forward, when the right front wheel of the wagon was jerked out of this hole and into another hole with such force that the plaintiff lost his hold on the breeching and was thrown to the street, and was struck about the face and head either by some part of the wagon or the hind foot of the horse, and was seriously injured.

The plaintiff's declaration predicates his right to recover upon the unsafe condition in which that portion of Gay street where the accident occurred was kept by the defendant, it being averred that there were several large, deep, and dangerous holes at said point in said street; that these holes, or some of them, had been there for more than a year; and that their existence was known to defendant, or could have been known by it by the exercise of ordinary care.

Evidence was offered by the plaintiff tending to show that the street was constructed of an inferior quality of stone; that the hole in the street into which the wheel of plaintiff's wagon first dropped was about ten feet in length, about one foot deep, and varied in width from one to three feet; that the second hole into which the wheel of the wagon dropped was near the first hole, and

was substantially the same size, probably a little deeper and a little wider; that there was still another hole in the street further west, but not quite so deep as the first and second, but about the same length. This third hole, in some places, was about a foot wide. There was a fourth hole opposite a church situated on said street, which was about eight feet in length, about one foot wide, and from three to eight inches deep.

It appears from the evidence that, when the wheel of the wagon dropped into the first hole, Jones, plaintiff's companion, grabbed the perpendicular pole which was on the wagon, and which was used for the purpose of adjusting an umbrella over the driver. The horse became frightened when the wheel dropped into the first hole, ran away, and Jones was also thrown from the wagon.

At the time of the accident the defendant had in force an ordinance which provided, among other things, as follows:

"No vehicle shall back or make a turn in any street except at the corners; vehicles shall go either around the block or to a corner sufficiently wide to turn in without backing.

"No vehicle shall stop with its left side to the curb, except on established cab, hack and truck stands, and on such streets and avenues where one-way traffic prevails.

". . . To insure the safety of the traveling public and of expedition in handling traffic, any violation of any of the foregoing provisions shall be deemed a misdemeanor and any person, firm or corporation, upon

142 Tenn.—26.

conviction shall be punished by a fine of not less than $5 nor more than $50.''

Gay street is not a street on which one-way traffic prevails.

The trial judge permitted the defendant to introduce said ordinance in evidence, and its violation by the plaintiff by attempting to turn his wagon around in the street near the center of the block and between corners was relied on by the defendant as contributory negligence which barred the plaintiff's right to recover. The trial judge, however, instructed the jury that this ordinance was not applicable to the case on trial, and that they should not consider the same.

After the trial judge had finished his general charge to the jury, the defendant requested the following special instruction:

''The court instructs you, gentlemen of the jury, that the plaintiff admits that he turned the horse and wagon around in Gay street in the block between Seventh Avenue North and Eighth Avenue North. The traffic ordinance of the city of Nashville, introduced in evidence, makes it unlawful and a misdemeanor for a person so to turn around a vehicle upon a street in a block between cross-streets. The violation of said traffic ordinance was negligence on the part of plaintiff, and if you shall find that such turning around of the wagon and horse by the plaintiff proximately caused his injury, or directly contributed to his injury as a proximate cause thereof, your verdict should be for the defendant.''

The trial judge refused to give this special request in charge to the jury, and his action in withdrawing said

ordinance from the consideration of the jury, and in refusing to give said special request in charge to the jury, was assigned for error by the defendant in the court of civil appeals. That court sustained said assignment, holding that the jury should have been permitted to consider the plaintiff's violation of said ordinance, and determine whether or not its violation directly and proximately contributed to his injuries. This holding of the court of civil appeals is made the basis of the plaintiff's first assignment of error in this court.

In 2 McQuillin on Municipal Corporations, p. 855, it is said that evidence of the violation of an ordinance by plaintiff in an action for damages is admissible to show contributory negligence on his part. It has been held that evidence that the plaintiff was driving at a rate of speed greater than that permitted by an ordinance is admissible on the question of his negligence. *Hall* v. *Ripley,* 119 Mass., 135.

In 3 Abbott on Municipal Corporations, p. 2281, in discussing the question of to whom the municipality owes the duty of keeping its highways in repair, it is said that the duty operates in favor only of those who are using public ways for lawful purposes, and in a lawful manner, and if injuries occur by reason of defects to those who may be at the time violating some ordinance in respect of the use of streets, or otherwise, where the violation directly contributes to the injury, the plaintiff cannot recover.

In *Carroll v. Boyle,* 140 Tenn., 178, 203 S. W., 945, it was held that the violation of a valid city ordinance is negligence *per se,* and that, where the act of the de-

fendant in violating the ordinance is the proximate cause of the injury suffered, he is liable to the plaintiff, citing *Schmalzried* v. *White,* 97 Tenn., 37, 36 S. W., 393, 32 L. R. A., 782; *Adams* v. *Inn Co.,* 117 Tenn., 470, 101 S. W., 428.

The court, continuing, said:

"For the same reason it follows that one who has been injured as the proximate result of his own violation of a valid ordinance is precluded from a recovery."

We are of the opinion that the court of civil appeals was correct in holding that the circuit judge erred in instructing the jury not to consider said ordinance, and in refusing to give the defendant's special request in charge.

It is next insisted that the court of civil appeals erred in holding that the trial judge committed error in refusing the defendant's special request stating, in substance, that, if the evidence failed to show that the defendant was given notice of plaintiff's injury as required by law, their verdict should be for the defendant.

By chapter 55 of the Public Acts of 1913, it is provided:

"That no suit shall be brought against any municipal corporation in this State on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety days after such injury to the person or property has been inflicted; a written notice shall be served upon the mayor of said municipality stating the time and place where said injury was received, and the general nature of injury in-

flicted.  The failure to give the notice prescribed in this act within the time set out shall be valid defense against any and all liability of the city which might otherwise exist on account of the defective or negligent condition of said street, alley, sidewalk, or highway;  and provided, further, that proof of registered letter by registry receipt addressed to the mayor setting forth the injury and place of injury complained of shall be a complete compliance with this act.''

In the instant case there is no averment in the plaintiff's declaration that the notice required by the above statute was given, and no evidence was offered by the plaintiff tending to show that such notice was given. The question of whether it was incumbent upon the plaintiff to plead the giving of notice in his declaration was not raised by demurrer, and therefore is not really before the court for determination.  The question is presented, however, was the plaintiff required to prove the giving of the statutory notice as a condition precedent to his right to recovery?  We are of the opinion that this question must be answered in the affirmative.

In McQuillin on Municipal Corporations, vol. 6, section 2714, it is said:

''In the absence of a statute or charter provision so requiring, no notice of the accident need be given the municipality before suit is brought to recover damages for the injuries.  However, such a requirement is generally found in the statute or charter, and such provisions, construed as mandatory and a condition precedent to the right to sue, are universally upheld, and the general rule is that even the municipality itself cannot waive a

compliance with such a requirement, although as to the latter the authorities are conflicting.''

The statement of the rule by Mr. McQuillin is supported by the following cases: *Mitchell* v. *Worcester,* 129 Mass., 525; *Schmidt* v. *Fremont,* 70 Neb., 577, 97 N. W., 830; *Forseyth* v. *Oswego,* 107 App. Div., 187, 95 N. Y. Supp., 33; *Fort Worth* v. *Shero,* 16 Tex. ·Civ. App., 487, 41 S. W., 704; *Luke* v. *El Paso* (Tex. Civ. App.), 60 S. W., 363; *Hay* v. *Baraboo,* 127 Wis., 1, 105 N. W., 654, 3 L. R. A. (N. S.), 84, 115 Am. St. Rep., 977; *Winter* v. *City of Niagara Falls,* 190 N. Y., 198, 82 N. E., 1101, 123 Am. St. Rep., 540, 13 Ann. Cas., 486; *Frasch* v. *New Ulm,* 130 Minn., 41, 153 N. W., 121, L. R. A., 1915E, 749; *Nichols* v. *Minneapolis,* 30 Minn., 545, 16 N. W., 410; *Tonn* v. *City of Helena,* 42 Mont., 127, 111 Pac., 715, 36 L. R. A. (N. S.), 1136. Chapter 55 of the Acts of 1913 was held to be constitutional in the case of *White* v. *Mayor & City Council of Nashville,* 134 Tenn., 688, 185 S. W., 721, Ann. Cas., 1917D, 960.

In *Hughes* v. *City of Nashville,* 137 Tenn., 177, 192 S. W., 916, it was held that notice of injuries to the mayor of the municipality, as required by said act, was indispensable, except in cases where the injury complained of is the direct and open result of an act committed by the city itself. It was held in such cases that the municipality, which is entitled to the notice, must know of the injury, and hence notice would be unnecessary.

In the case of *City of Nashville* v. *Mrs. Clara Hull,* MS, opinion by this court delivered at its December

term, 1917, it was intimated that it was necessary for the plaintiff to plead and prove the giving of the notice required by the act of 1913 as a condition precedent to his right to recover. In that opinion it is said:

"The authorities cited by the city seem to hold that compliance with statutes like the act of 1913 must be pleaded and proved, and we are not disposed to controvert those authorities herein."

If, as provided by the statute, "no suit shall be brought" unless the notice is given, it would seem to follow that, in order to authorize the bringing of the suit and to succeed therein, the plaintiff must show that the required notice was given. We do not think the provision appearing later on in the act, to the effect that the failure to give the required notice shall be a valid defense against liability, in any way modifies the previous provision to the effect that no suit shall be brought unless said notice is given. We think this latter provision is but further evidence of the intention of the Legislature to make the giving of the notice mandatory and a condition precedent to the plaintiff's right to recover.

We are of the opinion that there is no error in the judgment of the court of civil appeals, and it is affirmed, with costs.