STEPHEN D. GREENLEAF *vs.* INHABITANTS OF NORRIDGWOCK.

Somerset.   Opinion June 21, 1889.

*Towns.   Highways.   Action.   Notice of defect.   R. S., c. 18, § 60.*

No action can be maintained against a town for an injury, caused by a defect in its highways, where the statute notice fails to specify "the nature and location of the defect which caused such injury." The statute provision, regulating the giving such notice, is not directory merely; it is mandatory.

ON EXCEPTIONS.

Action for damages caused by a defect in the highway, in Norridgwock, sustained August 26, 1885. On the second day of September following, the plaintiff sent to the municipal officers of the defendant town, the following written notice, which was seasonably received by them.

"STARKS, Sept. 2d, 1885.

"*Gents:*—In consequence of a defect in the highways in your town, I was hove from my carriage about one week ago, and got a severe injury, breaking one rib and injuring another, besides injuring my shoulder. I demand something in the shape of damage. I do not wish to be hard with you, and trust you will be willing to do the honest thing with me, without going into litigation. Hoping to hear from you soon, I am,

Yours truly,        S. D. GREENLEAF."

The presiding justice ruled that said notice was fatally de-

fective, and for that reason ordered a nonsuit, to which the plaintiff excepted. If said notice is so defective that the action can not be maintained, the nonsuit is to stand; otherwise it is to be taken off and the action to stand for trial.

*H. L. Whitcomb, S. H. Willard,* with him, for plaintiff.

Notice sufficient, not misleading, and should be liberally construed. *Lowe* v. *Clinton,* 133 Mass. 526, 528, and cases cited; *Dalton* v. *Salem,* 136 Id. 278; *Fortin* v. *Easthampton,* 145 Mass. 196, and cases cited. Says Holmes, J., in this case, "it is hard to suppose that the statute intends to cover a misstatement of the case, which on the face of the thing, is more likely to mislead than no statement at all; and yet to allow a simple omission to remain fatal."

*E. Low,* for defendants.

Proper notice condition precedent. R. S., 1871, c. 18, § 65; Public Laws, 1874, c. 215; 1876, c. 97; 1877, c. 206; 1879, c. 156; R. S., 1883, c. 18, § 80; *Veazie* v. *Rockland,* 68 Maine, 511; *Low* v. *Windham,* 75 Maine, 113, and cases cited; *Chapman* v. *Nobleboro,* 76 Maine, 427, 430, 431; *Blackington* v. *Rockland,* 66 Maine, 332, 334.

Notice fails to state the location or nature of the defect. Sufficiency of notice, question of law. *Chapman* v. *Nobleboro, supra;* *Rogers* v. *Shirley,* 74 Maine, 144–151. Facts cannot be added to exceptions by argument. *Allen* v. *Lawrence,* 64 Maine, 175, 176. Object of the notice is that the precise place where injury was received, may be ascertained, &c. *Larkin* v. *Boston,* 128 Mass. 521, 523; *Hubbard* v. *Fayette,* 70 Maine, 121, 124. Cases in Massachusetts cited by plaintiff relate to informal notices, and not to notices omitting facts called for by the statute.

*Plaintiff in reply.*

Counsel argued that there is a liability at common law, on the part of defendants, co-extensive with the right of eminent domain to take private property for highways, and its duty to keep them in repair, citing: 2 Dill. Mun. Corp. § 789; *City of Buffalo* v. *Halloway,* 7 N. Y. 493, (57 Am. Dec. 550;) *Rapho*

v. *Moore*, 68 Pa. St. 404.   If not in harmony with the doctrine of Maine and Massachusetts courts, plaintiff is entitled to a liberal construction of statute, in view of recent legislative restrictions of his rights.   Notice is explicit as in *Lyman* v. *Hampshire*, 138 Mass. 74.   Sufficient if it be of aid to the officers making the investigation; or such as naturally leads them to make the proper investigation.   *Spellman* v. *Chicopee*, 131 Mass. 443.

In the case at bar, the plaintiff can show by an abundance of evidence outside of the letter sent, that the municipal officers knew all about the locality and defect immediately after the accident, that verbal notice was immediately sent to them, and I think they did investigate and caused the defect to be repaired the same day of the accident.

If plaintiff can show that, why this needless formality of reducing to writing what they already knew?

We claim that the fact of knowledge of the place of injury, &c., should have been submitted to the jury in connection with the letter.

Counsel argued further that if there is no remedy at common law, plaintiff may recover without giving the statute notice.   The statute is merely directory and is not made a condition of the plaintiff's right of recovery.

There is no forfeiture of his right of action if the injured party fails to give the notice specified within fourteen days.

The statute is absolute that the injured party may recover if the town had notice of the defect, and if the plaintiff, knowing the defect to exist, had previously communicated the fact to the municipal officers ; and there the conditions of the right to recover cease; and the right to recover depends upon no other condition.

The words of the statute following, are merely directory, and a non-compliance does not debar the plaintiff of his right of action. Statute should be liberally construed.   *Tracy* v. *R. R. Co.*, 38 N. Y. Ct. of Appeal, 433 ; *Perley* v. *Jewell*, 26 Maine, 101.

WALTON, J.·  A statute of this state declares that no action shall be maintained against a town for an injury caused by a defect in one of its highways, unless the person injured shall within fourteen days thereafter notify the municipal officers of

the town in writing, setting forth his claim for damages, and specifying the nature of his injuries and *"the nature and location of the defect which caused such injury."* R. S., c. 18, § 80. No such notice was given in this case. A notice was given stating that, "in consequence of a defect in the highways in the town," the plaintiff was thrown from his carriage and injured. But the notice does not specify the nature or the location of the defect. In these particulars the notice is fatally defective. The court below so ruled and ordered a nonsuit. The ruling was correct. The statute is not directory merely, it is mandatory. Such a notice as the statute mentions must not only be given, but it must be averred in the writ and proved at the trial, or the action can not be maintained. *Low* v. *Windham,* 75 Maine, 113, and cases there cited.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.