# Bland *v.* City of Mobile.

*Action against Municipal Corporation for recovery of Damages for Personal Injuries.*

1. *Charter of City of Mobile; presentation of claim before suit.* In an action against a city to recover damages for alleged personal injuries, a statement giving the name and residence of plaintiff, the nature and elements of her injuries, when, where and how sustained, and the amount claimed, is a sufficient compliance, when properly filed, with the terms of the city's charter requiring that claims be presented to the city before suit; and the fact that the concluding clause of statement agrees to accept $500 "By way of compromise or settlement in order to avoid litigation" does not destroy the effect of the claim as a statement.

2. *Same; same.*—In such an action, it is necessary that the complaint should aver the presentation of the claim sued on, and the evidence offered must correspond with the allegation of the complaint.

3. *Same; same; amount claimed.*—The general rule that a plaintiff can recover less than he claims in his complaint, does not apply to suits against a city, where such city's charter requires that no claims against the city can be sued on until a statement of such claim has been filed with the city clerk for consideration of the city council; and a claim setting forth one amount as damages is not admissible in evidence to support the allegations of a complaint claiming a different amount as damages.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. ROBERT TAIT ERVIN, Special Judge.

This is an action brought by the appellant, Ellen Bland, against the appellee, the City of Mobile, to recover damages for personal injuries sustained on account of falling through a foot-bridge crossing a gutter in one of the public streets of the city of Mobile. Section 22 of the charter of the city of Mobile, 1901, reads as follows: "No claim against the city of Mobile, whether

arising *ex contractu* or *ex delicto,* shall be sued on until a statement thereof, giving date of accrual, name and residence of original claimant and of assignee, if any; circumstances and amount claimed, shall have been filed with the city clerk for consideration of the general council and either rejected by them or held by them for sixty days without action." Plaintiff sued for one thousand dollars. The complaint contained the following aver-ment: "And plaintiff avers that she filed her claim for damages in this case with the general council of the city of Mobile, more than sixty days before filing this suit; that said claim was prepared and filed in strict compli-ance with the ordinance of the city of Mobile, which re-quires the filing of claims of this character, and that said general council declined to settle with plaintiff and disallowed her claim." Issue was joined on the plea of the general issue. The defendant admitted that plain-tiff's attorneys filed with the city clerk of Mobile and presented to the general council the following paper: "Ellen Bland, a highly resepectable colored woman and a resident of this city, makes claim against the city of Mobile for the sum of five hundred dollars, under a state-ment of facts substantially as follows, to-wit: On Fri-day evening, the 17th of April, 1903, between 7 and 8 o'clock, claimant undertook to cross one of the city bridges, leading from the street to the sidewalk, at the southeast corner of Basil and Locust streets. The planks of the bridge were not nailed or secured to the sidewalk, so that when claimant undertook to walk across said bridge, one of the planks gave way and slipped, thereby throwing claimant into the gutter, or ditch, and doing her very serious injury—perhaps of a permanent charac-ter. Both of her ankles were severely sprained, she was badly bruised, and her back and one of her hips were so severely wrenched and sprained that she has ever since been confined to her home, and is likely to suffer for many days, if not months. Claimant's drug bill and doc-tor's bill will necessarily be large, she will be unable to perform her usual labor for a long time, and her suffer-ing is very intense, but she is willing to accept the amount stated, as a compromise settlement, and in order

to avoid litigation, if it shall please the council to act in this matter at once." Plaintiff offered to introduce said claim in evidence as a part of her case, to which defendant objected on the following grounds: "Because it does not comply with the requirements of section 22 of the charter of the city of Mobile; is irrelevant, immaterial and incompetent; is an offer of compromise and therefore incompetent evidence." The court sustained this objection, and to this ruling the plaintiff excepted.

The court gave the general affirmative charge for the defendant.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the trial court, to which exceptions were reserved.

McALPINE & ROBINSON, for appellant.—The claim presented is sufficient in every way. The purpose of the law is to require claimants to notify the city council of the claim and give them an opportunity to settle. Technical accuracy in framing the claim is not required.—*Newman v. Mayor & Aldermen of Birmingham,* 109 Ala. 633; *Barrett v. City of Mobile,* 129 Ala. 184.

B. B. BOONE, *contra.*—Complaint must aver presentation according to statute, and must put before the court evidence in support of such averment. Amount named in claim was $500; amount sued for was $1,000. The purpose of the charter was to require the statement of a certain, fixed amount as damages, and not a sum as "a compromise settlement."—*Burton v. Dangerfield,* 37 S. C. 351; *Jackson v. Clopton,* 66 Ala. 29.

ANDERSON, J.—This action was brought by the plaintiff against the defendant to recover damages for personal injuries, sustained by falling into or through a bridge of the defendant.

The court below gave the general affirmative charge for the defendant, which was based upon the fact that plaintiff had not established a proper presentation or filing of a statement, as is required by § 22, p. 2363, Acts, 101.

The appellant has two assignments of error, the giving of said affirmative charge and the ruling of the court in sustaining the defendant's objection to her statement or claim which was offered in evidence.

If the ruling of the court was proper in excluding this evidence, then the general charge should have been given for the defendant. Consequently, the sole enquiry in this case is, did the plaintiff comply with said section in the presentation or filing of her said claim? The section reads as follows: "Be it further enacted, That no claim against the city of Mobile, whether arising *ex contractu* or *ex delicto* shall be sued on until a statement thereof giving date of actual name and residence of the original claimant and of assignee, if any circumstances and amount claimed shall have been filed with the city clerk for the consideration of the general council and either rejected by them or held by them for sixty days without action."

The plaintiff offered in evidence a statement, which gives name and residence of the plaintiff, the nature and elements of her injuries, when, where and how sustained, and the amount claimed, $500.00. It did conclude, by agreeing to accept $500.00, "by way of compromise or settlement in order to avoid litigation." We cannot see how the concluding clause above quoted could destroy the effect of the claim as a statement. It was specific enough to notify defendant that the damage claimed was $500.00 and that the claim could be adjusted for that sum.

This court held in *Newman v. Mayor of Birmingham,* 109 Ala. 630, in passing upon a differently worded section, but one that was enacted for the same purpose: "The purpose of the statute requiring the presentation, was to give the board opportunity to investigate and adjust claims preferred against the city, without the expense of litigation."

We think the statement filed was amply sufficient to give the defendant notice of the claim and that it could be settled for $500.00, and contained also, every statutory recital.

10c

Defendant admitted in open court presentation and refusal of the statement offered, which relieved plaintiff of making preliminary proof of filing, etc. The statute, however, requires the filing of the claim as a condition to the prosecution of the suit, and it is therefore necessary that the complaint should aver the proper presentation of the claim sued on. The complaint in this case avers the filing of the claim sued on and the evidence offered did not correspond with the allegation of the complaint, and the objection to the claim offered was properly sustained.

We are aware of the rule that generally a plaintiff can recover less than he claims in his complaint, but do not think the rule embraces cases where the filing of the claim is required, setting out amount, etc., is essential to a recovery, or to file one claim and sue on another, and then introduce in evidence the one filed, which shows upon its face that it does not correspond with the allegation of the complaint. The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, C.J., TYSON and SIMPSON, J.J.. concurring.

