# City of New Decatur *v.* Chappell.

## Damage on Account of Defective Walk.

(Decided Nov. 21, 1911.    Rehearing denied Dec. 14, 1911.
56 South. 764.)

1. *Municipal Corporations; Personal Injuries; Claim; Notice.*— The filing of a sworn statement as required by section 1275, Code 1907, is a prerequisite to an action for personal injury against a city or town.

2. *Same; Waiver of Notice.*—To waive, means to relinquish intentionally a known right, or intentionally to do an act inconsistent with claiming it, and hence, the officers of a city whose duty it is to pass upon the merits of a claim for personal injuries may waive compliance with the requirement of notice as provided by section 1275, Code 1907.

3. *Same.*—The facts in this case, stated and examined and held not to constitute a waiver on the part of the city of the requirements as to notice prescribed by section 1275, Code 1907 as a condition precedent to the maintenance of an action for personal injury.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by A. J. Chappell against the city of New Decatur, for injuries sustained by falling through a defective bridge or walkway in said city. Judgment for plaintiff and defendant appeals. Reversed and re-manded.

[City of New Decatur v. Chappell.]

Tidwell & Sample, for appellant. The city did not
have power to waive the provision of section 1275, Code
1907. The statute is negative in terms, and was
therefore, mandatory and imperative.—*Bland v. City
of Mobile,* 37 South. 843; *Starling v. Town of Bedford,*
62 N. W. 674; *Stephens v. Smith,* 10 Wall. 321; 26 A.
& E. Enc. of Law, 689. The city council could not cre-
ate a liability against the city by waiver or agreement.
—*Gay v. City of Cambridge,* 128 Mass. 387; *Chamber-
lain v. City of Saginaw,* 97 N. W. 156; *Lucas v. City of
Pontiac,* 142 Ill. App. 470; *Erford v. City of Peoria,*
220 Ill. 346; *Borst v. Town of Sharon,* 48 N. Y. Supp.
996; *Winter v. Niagara,* 123 Am. St. Rep. 843. The
action of the counsel did not constitute a waiver.—
*Clemmons v. Metcalf,* 54 South. 208; *Cuifield v. Finni-
gan,* 114 Ala. 48; 98 N. W. 745; 91 N. W. 129; *Wilton
v. City of Detroit,* 100 N. W. 1020; 76 N. W. 979; 86
N. E. 560; 124 N. Y. Supp. 307; 44 Atl. 386.

E. W. Godbey, for appellee. The liability here stated
grew out of a nuisance created in the streets by the city
itself, and the statutory provisions as to notice do not
apply.—*Hughes v. Fondulac,* 41 N. W. 408. The fol-
lowing authorities settle the proposition that the ac-
tion of the counsel was a waiver of notice.—*Linely v.
Detroit,* 90 N. W. 665; *Wright v. Village of Portland,*
76 N. W. 141; *Kriseler v. LeValley,* 81 N. W. 580;
*Hunter v. Durand,* 100 N. W. 192; *Germaine v. Mus-
kegon,* 63 N. W. 78; *Spier v. Kalamazoo,* 101 N. W. 847;
*Brown v. Owosso,* 85 N. W. 258; *Cook v. Topeka,* 90
Pac. Rep. 244; *Wheeler v. Detroit,* 86 N. W. 822; *Davis
v. City of Adrian,* 110 N. W. 1084; *Crenshaw County v.
Fleming,* 19 South. 906-7; 109 Ala. 554; *Snickels v. St.
Joseph,* 122 S. W. 1112 (Mo.); *Welsh v. Barber Asphalt*

*Co.,* 167 Fed. 465 (472) ; *Wolven v. Gobler.* 116 N. Y. S. 359.

PELHAM, J.—This suit was instituted in the trial court against the appellant, a municipal corporation, by the appellee, to recover damages for personal injuries alleged to have been suffered by appellee falling into a defective plank walkway or bridge constructed along one of the public highways in the city of New Decatur.

No sworn statement, as required by section 1275 of the Code of 1907, was filed by appellee with the clerk of the appellant municipal corporation, but the following matters were set up in the amended complaint and averred as a waiver of the notice, and were also shown by the evidence on the trial without conflict:

Appellee wrote and sent to the city council of New Decatur the following letter: New Decatur, Ala., March 1st, 1909. The Council of New Decatur: I have a claim against the city of New Decatur. On Jan. 17th, 1909, I got hurt on the bridge on sidewalk over ditch between 8th and 9th street, 6th Ave. I am in bad condition have not been able to preach since, and do not know when I will be able. That has been very expensive to me, and I may never be myself again. Now I look on you all as Christian gentlemen, and think you will do the right thing. I am ready to meet a proposition from you. If you will agree with me now, we will have no other expense, to go into law will cost all of us; so let's settle it without that. Let me hear from you at once. Yours very truly,        [Signed]        A. J. Chappell."

This letter was received by the authorities of the city of New Decatur, and the minutes of the governing board of the municipality show the following proceedings had with reference to it: "The clerk read a communication

from the Rev. A. J. Chappell, in which he called attention to certain injuries received by him, caused by his falling on or through a defective bridge on Sixth avenue, between Eighth and Ninth streets, in South Decatur, and for which he asked some sort of settlement at the hands of the council."

The date of the above minute entry is not shown, but, on March 9, 1909, appears the following minute entry: "Mayor Blackwell called attention of the city council to the communication before the council at its last meeting from Rev. A. J. Chappell, concerning his claim against the city for damages for personal injuries received by him in his falling from an alleged defective bridge on Sixth avenue, in the Second ward, and suggested the advisability of a reference of the matter to a committee of this council with authority to consult the Rev. Mr. Chappell, in an effort to discover what merit, if any there be, the claim referred to may contain, and to report, with its recommendations, back to the next meeting of this council. Alderman John Patterson moved that the matter referred to above be placed in the hands of the street committee and the mayor, with instructions to consult the Rev. Mr. Chappell, as agents of the city of New Decatur, and report the result of this consultation back to the council at its next meeting. This motion was seconded by Alderman Hartung, and prevailed unanimously."

After this entry, but also without date, so far as shown by the evidence in the bill of exceptions, but set out in the complaint as of the date of April 13, 1909, appears this subsequent entry on the minutes: "Rev. A. J. Chappell, who claims to have received a fall from a footbridge on Sixth Ave., in the Second ward, from which he received painful injuries, and probably perma-

nent injuries, and who had brought his claim for some consideration at the hands of the council to the attention of the council on March 1st, in the form of a written communication, was before the council by invitation of the mayor, and made some statements concerning the manner in which his alleged injuries were received. Alderman Patterson moved that the street committee, to which the above claim was referred for investigation at the meeting of this council, held on March 9th last, be requested to meet at the earliest date practicable for the purpose of acting on the claim of the Rev. Mr. Chappell, and preparing its recommendations to be submitted thereon to the next meeting of this council. This motion was properly seconded, and prevailed unanimously.'

Also the following entries of proceeding of the council, in relation to the appellee's claim, are alleged and appear on the minute book as introduced in evidence: "May 8, 1909. With regard to the complaint of the Rev. Mr. Chappell against the city for damages on account of his having fallen from a footbridge in South Decatur, the mayor reported that the street committee had been unable to get a conference with Mr. Chappell at the time and place agreed on."

And without date, so far as shown by the evidence set out in the bill of exceptions, this entry (stated in the complaint to be dated June 8, 1909) also appears in the proceedings: "Alderman Crow mentioned the matter of the alleged injury of Rv. Mr. Chappell on Sixth Ave. board walk. The city attorney gave opinion that there was nothing for the council to do, as Mr. Chappell had not appeared before them."

It was further shown by the evidence that, due to some misunderstanding as to the place of meeting,

the committee of the city council to which the matter was referred failed to meet the appellee, and no further action was taken by the committee, the council, or the appellee until June 14, 1909, when appellee brought this suit for damages against appellant, based upon the alleged injuries received January 17, 1909.

Section 1275 of the Code of 1907 provides: "No recovery shall be had against any city or town on a claim for personal injury received unless a sworn statement be filed with the clerk, by the party injured, or his personal representative in case of his death, stating substantially the manner in which the injury was received and the day and time, and the place where the accident occurred, and the damages claimed." This statute is enacted in furtherance of a public policy, and its opject and purpose is to protect the municipality from the expense of needless litigation, give it an opportunity for investigation, and allow it to adjust differences and settle claims without suit.—*Barrett v. Mobile*, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54; *Newman v. Birmingham*, 109 Ala. 142, 37 South. 843. The statute (section 1275) makes filing the claim a pre-requisite to recovery in any suit for personal injuries, and virtually the right to sue without first filing the claim in the manner provided is taken away by the statute.—*Barrett v. City of Mobile, supra.* See, also, the authorities collated in footnote 2, p. 2815, 4 Dillon's Municipal Corporations (5th Ed.) It is the contention of the appellee, however, that the notice prescribed by the statute may be waived, and that the facts as set up in the complaint and shown by the evidence set out in the bill of exceptions constitute such a waiver on the part of the city of New Decatur in this case. On the question as to whether or not a city can waive the provisions of a stat-

ute requiring notice before suit can be maintained, the authorities are in irreconciliable conflict. See 4 Dillon on Municipal Corporations (5th Ed.) § 1613, and list of authorities pro and con collated and set out in foot-notes 1 and 2 on page 2817.

By analogy, the Supreme Court of this state, in pass-ing on the question of the right of commissioners' courts to waive the provisions of somewhat similar statutes, seem inclined to the view that the notice required by statute in such cases may be waived, where the require-ment for filing has not been complied with, by the com-missioners' taking final action on the claim.—*Cren-shaw County v. Fleming*, 109 Ala. 557, 19 South. 906.

The statute imposes no duty on the city to act, other than that which might follow inferentially from the enactment being for the benefit of the municipality, and its governing body, being charged with the duty of ad-ministering a public trust, is supposed to act in good faith, and to deal fairly with all those having business with the public corporation. If, therefore, a claim is presented, not conforming to the requirements of the statute, the authorities, being under no duty to act, may rest on the rights granted the city, and nonaction on their part would not constitute a waiver of the stat-utory requirements. If, however, the governing body of a municipality, on the presentation or filing of a claim, although the provisions of the enactment re-quiring notice to be given have not been complied with in the notice, treat it as sufficient, and lead the claim-ant to believe that the notice given is considered valid, and finally pass on the claim thus presented, and refuse or allow it, it seems to us this would constitute a waiver of a compliance with the terms of the statute, enacted solely for its benefit; for the purposes and object of the

[City of New Decatur v. Chappell.]

enactment have been accomplished, and final action taken in the matter.

To waive, in law, means "to relinquish intentionally a known right, or intentionally to do an act inconsistent with claiming it," and, when the city authorities empowered to act consummate an official investigation of a claim informally brought to their attention by allowing or rejecting it, they have done an act inconsistent with claiming any benefit under a statute requiring notice to be given before action can be taken. The governing board of a municipality is charged with the duty of acting for the corporation, and when, acting in the line and scope of their authority, they take final action on the matter they in effect announce that they require no further notice; and the statute having been enacted for the benefit of the corporation represented by them, and the purposes and ultimate end in view by the enactment having been accomplished, a waiver of its benefits would seem to follow as a natural consequence of the act.

That a municipality or other public corporation, by considering and finally passing on the merits of the claim, though it be presented not strictly in accordance with the provisions of a statute providing that notice be given, can waive such provisions finds support in *Crenshaw County v. Fleming, supra, Newman v. Mayor, etc., of Birmingham,* 109 Ala. 630, 19 South. 902, and many other authorities. See *Lindley v. Detroit,* 131 Mich. 8, 90 N. W. 665; *Wright v. Portland,* 118 Mich. 23, 76 N. W. 141; *Kriseler v. Le Valley,* 122 Mich. 576, 81 N. W. 580; *Hunter v. Durand,* 137 Mich. 53, 100 N. W. 192; *Germaine v. Muskegon,* 105 Mich. 213, 63 N. W. 78; *Brown v. Detroit,* 127 Mich. 239, 86 N. W. 822; *Davis v. Adrian,* 147 Mich. 300, 110 N. W. 1084; *Bow-*

*man v. Ogden City*, 33 Utah, 196, 93 Pac. 561; *Ridge-way v. Escanaba*, 154 Mich. 68, 117 N. W. 550.

To constitute a waiver of the deficiencies of the notice, the investigation must have terminated and final action been taken on the merits of the claim. Anything less than this would be fatal to a claim of waiver, and the claimant held to a strict compliance with the provisions requiring notice as a prerequisite of recovery. For, unless final action has been taken by the council, or other governing board authorized to bind the corporation, it cannot be said that the right given by statute has been relinquished, or that the object and purpose of the enactment has been fully accomplished. Nor could anything short of conclusive action on the investigation of the claim propounded be deemed in law as inconsistent with claiming the benefits of such statutory provisions in a suit subsequently filed.

Having reached the conclusion that the city may waive a strict compliance with the conditions precedent to recovery imposed by section 1275, we are next to consider if the allegations of the complaint, as amended, set up facts constituting a waiver in the case at bar. Appellee, as shown by the averments set out in the complaint, made a statement of his claim by writing a letter to the council, and the matter was referred to a committee, with instructions 'to consult with the claimant and report to the council. A short time after this, the claimant, on invitation of the mayor came before the board and made a verbal statement in reference to his injuries, and the committee to which the matter had been referred for investigation was requested by a resolution of the board "to meet at the earliest date practicable for the purpose of acting on the claim of the Rev. Mr. Chappell; and preparing its

recommendations to be submitted thereon to the next meeting of the council." It does not appear that the committee was authorized or directed to finally pass on the claim and allow or reject it, in whole or in part, but only to act on it for the purpose of preparing and making a recommendation to the council for its action at a subsequent meeting of that body. The committee did not act; it failed to meet, and made no report to the council; and no further action was taken on appellee's claim, other than that it appears at a subsequent meeting one of the aldermen "mentioned the matter," and the city attorney stated that there was nothing for the council to do in connection with it, as the claimant had not appeared before them.

Appellee was injured January 17, 1909, and his letter to the council was written March 1, 1909. There is no contention made that this letter was a compliance with the requirements of section 1275 of the Code. Without any final action taken by the council on the appellee's claim, he brought suit against the city on June 14, 1909. The allegations in the amended complaint set out the facts substantially as narrated as constituting a waiver of the notice prescribed by section 1275, but are insufficient, in that they fail to show such final action by the council on appellee's claim as would constitute a waiver of the provisions of the statute; and as the complaint must aver filing according to the statutory requirements (*Barrett v. Mobile, supra*), or facts showing a waiver of the provisions of the statute, it was subject to the demurrers interposed to it.

The ruling we have made on the pleadings makes it unnecessary to consider the other assignments of error. The court was in error in overruling the appellant's demurrers directed to the insufficiency of the allegations

of the amended complaint as a whole to aver facts con-
stituting a waiver of the provisions of section 1275 of
the Code of 1907, and case must be reversed. . .

Reversed and remanded.