CAWTHON v. CITY OF HOUSTON.
(No. 462.)

(Court of Civil Appeals of Texas. Beaumont. June 3, 1919. Rehearing Denied June 11, 1919.)

1. EVIDENCE ⊂⊃31 — JUDICIAL NOTICE — CITY CHARTER.

Courts will take judicial notice of the provisions of a city charter granted by the state Legislature.

2. MUNICIPAL CORPORATIONS ⊂⊃741(1)—INJURIES—NOTICE OF CLAIM—NEGLIGENCE OF CITY COMMISSIONER.

That plaintiff's injury was due to negligence of street and bridge commissioner of city, and that the commissioner had actual knowledge of the injury, did not dispense with written notice, under Houston City Charter, § 11, to mayor and city council, stating how injuries occurred, apparent extent thereof, amount of damages sustained, amount for which claimant will settle, present and past residence of claimant, and names and addresses of witnesses; the purpose of notice being not merely to notify city of the fact of the injury, but to give city the information required to be conveyed by the notice.

3. MUNICIPAL CORPORATIONS ⊂⊃8 — CITY CHARTER—OPERATION AS STATUTORY LAW.

Provisions of city charter specially granted to city by Legislature have the same force and effect as any other positive statutory law of the state.

4. MUNICIPAL CORPORATIONS ⊂⊃741(3) — PERSONAL INJURIES—CLAIM FOR DAMAGES— WAIVER.

Notice of injury to mayor and city council by Houston City Charter, § 11, cannot be waived by street and bridge commissioner, or by any commissioner or number of commissioners or member of city council, but, if subject to waiver, can be waived only by the city council and the mayor jointly.

5. MUNICIPAL CORPORATIONS ⊂⊃741(1) — PERSONAL INJURY — NOTICE OF CLAIM — WAIVER.

That injured party was invited to present claim for damages to city council, but failed to so do because of inability to get council together, does not constitute waiver of written notice of injury to mayor and city council required by Houston City Charter, § 11.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by J. H. Cawthon against the City of Houston. From judgment sustaining general demurrer to plaintiff's petition, plaintiff appeals. Affirmed.

Rowe & Kay, of Houston, for appellant.
W. J. Howard, of Houston, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of one of the district courts of Harris county, sustaining a general demurrer to appellant's petition; appellant having been plaintiff below.

J. H. Cawthon, the appellant, sued the city of Houston, a municipal corporation, to recover damages for personal injuries claimed by appellant to have been sustained by him in consequence of negligence on the part of the city of Houston, and, since the trial court sustained a general demurrer to his petition, we deem it best to here let his pleadings be shown in full.

Appellant's petition, omitting the formal commencement, was as follows:

"I. That heretofore, to wit, on the 13th day of June, A. D. 1916, the said city of Houston, defendant herein, was acting under and by virtue of a special charter granted to it by the Legislature of the state of Texas, and was operating under what is known as the commission form of government, with a mayor and four commissioners constituting the representative authority of the said defendant, city of Houston. · That on or about the said date the said defendant, city of Houston, owned and operated under the supervision and direction of one Matt Drennan, who is and was known as the street and bridge commissioner, a certain wagon operated and drawn by mules for the purpose of hauling sand, or anything else that the said commissioner or representative of the said defendant, the city of Houston, desired to be hauled; and that on or about the said date the plaintiff herein was hired by the said defendant, the city of Houston, acting by and through its said street and bridge commissioner, as a laborer at and for the price of $2 per day, as a helper to the driver of one of the teams belonging to the said defendant, the city of Houston, which, at the time of the injury to the plaintiff hereinafter complained of, was engaged in the hauling of sand to be used by the defendant, the city of Houston, and by said means, as said sand was needed, was distributed to, in, and throughout different portions of the said city of Houston.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"II. That on or about the date hereinbefore mentioned the plaintiff, while in the employ of the defendant, the city of Houston, as aforesaid, and while working in the capacity aforesaid, under the immediate direction and control of a superintendent, one William Williams, who was in turn acting under the direction and authority of the said Matt Drennan, commissioner as aforesaid, was directed to go with the driver of one of said wagons and teams, which said driver was also in the employ of the defendant, the city of Houston, by and through its duly authorized commissioner and representative, to the city stables and barnyard of the defendant, the city of Houston, which said stables or barnyard were located and situated by and on Buffalo bayou, near the Sabine bridge, and within the corporate limits of the defendant, the city of Houston, where sand was being taken out of a sand bank, located as aforesaid, owned and operated by the defendant, the city of Houston, as aforesaid, to different portions of the said city of Houston by the means aforesaid; and the said sand was required by the defendant, the city of Houston, its agents, and representatives, to be excavated from said sand bank and placed in a sand pit to be shoveled therefrom into said wagons, which work the plaintiff was employed to do, and which he proceeded to do on said date of the injuries inflicted upon him; and at the place of excavation where this plaintiff was required and directed by those in authority from the defendant to take sand from said sand pit near said sand bank, and to load the same into his wagon for the purpose aforesaid, and at said time said sand bank at point from which the sand was so taken was a sand pit by a perpendicular wall of sand some 8 or 10 feet high; and in order to load the said wagon with said sand the plaintiff was required and directed, as aforesaid, to drive his wagon into the pit near said bank of sand, in order for the plaintiff to be able to reach and place said sand in his wagon as it was shoveled from said sand pit near said embankment.

"III. That on the date hereinbefore mentioned, and while in the discharge of his duty as required and directed in the loading of sand into his wagon, as aforesaid, said embankment, or a large portion thereof, consisting of about 5 square yards of sand, weighing over 3,000 pounds, suddenly caved in upon the plaintiff, knocking him down and breaking his right leg in two places below the knee, and injuring and spraining his left hip, and mashing and spraining his right foot and ankle; and the plaintiff was by reason of said sudden cave-in of said sand embankment caught thereby and covered with sand to such an extent that he had to be, by others present at the time, dug out of the sand so caved in, in order to save his life, and that said injury aforesaid caused plaintiff great physical pain and suffering for a long period of time, and from the results of which the plaintiff is still suffering; and that the character of the injuries sustained by the plaintiff by reason of said sudden cave-in as aforesaid are such that he will be a cripple for an indefinite length of time, if not for life, and that he is now, and he will be for an indefinite length of time, unable to perform any manual labor, or such labor as he was accus-

tomed to performing prior to the time of receiving said injuries, as aforesaid. That by reason of the breaking of his right leg as aforesaid, one of which breaks was at point in close proximity to the ankle, and at the point of said lower break, the leg, by reason of said injury, became much swollen and very painful in and about said right ankle joint, and that said condition will last an indefinite time, if not during the natural life of this plaintiff.

"IV. That the dangerous condition of said sand bank was unknown to this plaintiff, as he had been employed to do that character of work but a very short time before receiving said injuries as aforesaid, and said dangerous condition of said sand bank was not open to the observation of this plaintiff; but the dangerous condition of said embankment of sand was well known to the defendant, the city of Houston, by and through its duly authorized commissioner, representative, and superintendent, and the same was at the time of said caving in of said sand embankment, and had before been, open to the observation of the defendant, the city of Houston, by and through its commissioner or representative and superintendent aforesaid, and was and had been before said time well known as to the dangerous condition of said sand embankment, and that with said knowledge the said commissioner, representative, and superintendent negligently failed to give him notice of such dangerous condition of said sand bank, and failed to give the plaintiff any warning of the said dangerous condition thereof, to the plaintiff's great loss and financial damage as aforesaid.

"V. That by reason of said injuries to the plaintiff, the direct and proximate cause of all of which was the gross and inexcusable negligence of the defendant, the city of Houston, in conducting and overseeing the operation in the work which the plaintiff was engaged at the time of receiving said injuries, he was sent to a hospital—Baptist Sanitarium—and because of said injuries the plaintiff was compelled to remain in said hospital for six weeks, and during the said time the plaintiff was constantly under the care and attention of a physician, and while in said hospital he spit up blood for four days as a result of the injuries inflicted upon him as aforesaid, and plaintiff was sore all over for ten days after the infliction of said injuries, and as a result thereof, and the plaintiff lost, because of the infliction of said injuries upon him, two months' time; and since said period of time and the time of the filing of this petition plaintiff, as a consequence of said injuries, in order to get about, is required to use crutches, which condition is the result of the breaking of his right leg in two places below the knee as aforesaid, and because of the mashing and spraining of the right foot and ankle and the swelling and pain incident thereto, and because thereof the plaintiff is and has been unable to place said right foot to the ground or place any of the weight of his body thereon; and this plaintiff is informed, and from such information alleges, has good reason to believe, and he does believe, that said impaired condition of his right leg, ankle, and foot will probably continue during the remainder of his life, and, in any event, will and has lessened his physical capacity to earn a livelihood, at least two-thirds of what

it was prior to the receiving of said injuries as hereinbefore alleged.

"VI. That at the time of the infliction of the injuries to plaintiff he was 46 years of age, was healthy, physically active, and strong, and was earning at said time, and would have but for the said injuries inflicted upon him as aforesaid been able to earn, the sum of $2 per day for performing the work he was then employed by the defendant, the city of Houston, to do, to wit, as a teamster's helper, or like employment; and that by reason of said injuries, caused as aforesaid, and resulting from the negligence and want of the exercise of ordinary care on the part of the defendant, the city of Houston, acting through its commissioner, representative, and superintendent as aforesaid, he was and has been rendered totally unable to perform any work for a term of two months, and the plaintiff is now by reason of his said physical condition unable to, and will never be able to, earn in money more than one-third of what he had previously been able to earn, during the remainder of his life, to his great financial damage.

"VII. Plaintiff further alleges that during the time he was confined to the hospital as aforesaid he suffered great physical pain and mental anguish, caused by the breaking of his right leg as aforesaid, and because of the fact that the bones of said leg were not only broken but splintered, and portions thereof protruded through the flesh, and by reason thereof said injuries took a long time to heal and place said leg in a condition whereby he could get about; and the plaintiff says that said great physical pain, sickness, and weakness incident thereto had and has had the effect of depleting his nervous system, and has greatly lessened his vitality, thereby tending to shorten his natural life, all of which was caused by the infliction of the injuries upon him in the manner and at the time aforesaid, to his great financial damage.

"VIII. Plaintiff alleges that but for said injuries inflicted upon him as aforesaid, and caused by the negligence or want of the exercise of ordinary care upon the part of the defendant, the city of Houston, its commissioner, representative, and superintendent as aforesaid, he would at the present time be able to earn in wages such an amount as he had previously earned in money as aforesaid; but that because and by reason of said injuries he will not be able to earn in the future more than one-third of the money that he had prior to receiving said injuries been able and accustomed to earning, all to his great financial damage.

"IX. Plaintiff alleges that on account and because of said physical pain and suffering resulting from the infliction of said injuries upon him, and because of his lessened capacity to earn a livelihood caused thereby, and because of the mental distress and anguish incident thereto and caused thereby, he has been damaged in the sum of $15,000 as actual damages, for which the defendant thereby became liable.

"X. The plaintiff further alleges that the injuries inflicted upon him, as aforesaid, and in the manner and at the time aforesaid, and the consequent results thereof, were caused wholly by the negligence of the defendant, the city of Houston, its agents, servants, employés, and representative in charge of and superintending the work in which the plaintiff was engaged at the time of the infliction of said injuries upon him, in failing to warn the plaintiff of the dangerous condition of said sand bank, although at said time they knew its condition, or by the exercise of ordinary care could have known of its condition, and it thereby became the duty of the defendant, the city of Houston, and those it had in charge over the said work, to give information to the plaintiff of the said dangerous condition of said sand bank, and to give him warning thereof, so that he being so warned might be able to protect himself therefrom; and the plaintiff alleges that the failure on the part of the said defendant, the city of Houston, acting through its commissioner and representative or superintendent in immediate charge of the work in which the plaintiff was so engaged at the time, to so inform and warn him of the dangerous position in which 'they had placed this plaintiff in order to perform the work aforesaid, and all of which negligent acts and omissions and failure to exercise ordinary care on the part of the defendant, the city of Houston, as aforesaid, and in the manner aforesaid, were the direct and proximate cause of the infliction of said injuries upon the plaintiff as aforesaid, to the plaintiff's great financial damage in the sum of $15,000, as exemplary damages, all of which the defendant, by reason of its willful and wrongful conduct and injuries to plaintiff, became liable to pay."

The appellee, city of Houston, interposed the following demurrers to appellant's petition:

"I. Now come the defendants and with leave of court file this, their first amended original answer, and as in their original answer demur to plaintiff's petition that the same shows no cause of action against them, and of this they prays judgment.

"II. For further demurrer these defendants would show that by the provisions of section 11, art. 9, of the city charter of the city of Houston, it is provided that as a condition precedent to liability notice of claim for damages shall be given the city as therein provided, and plaintiff's petition wholly fails to show any such notice was given."

Appellee also, in its answer, specially pleaded the provisions of section 11, art. 9, of the city charter of the city of Houston, and alleged failure on the part of appellant to comply therewith, and denied any liability to him in consequence of such failure.

Thereafter, in answer to such demurrers and plea on the part of appellee, appellant, by supplemental petition, pleaded as follows:

"I. That the provisions of the city charter of the city of Houston pleaded by the defendant in paragraph II of its said answer have no application to an injury such as sustained by the plaintiff, wherein the acts of the defendant were the direct and proximate cause of said injury, as set forth by plaintiff in his original petition.

"II. That the provisions of the city charter of the city of Houston pleaded by the defendant in paragraphs I, II, and III of said answer were waived as a condition precedent or

a prerequisite to the defendant's liability in this cause, because the defendant, acting by its authorized agents and one of its commissioners, Matt Drennan, shortly after the plaintiff had sustained the injuries complained of in his original petition, and within 90 days after said injuries were inflicted, knowing and being fully advised as to the cause, nature, and extent of the plaintiff's injuries, visited the plaintiff for the purpose of offering, and did offer to the plaintiff, a written instrument for the plaintiff to sign, which paper related to the injuries of plaintiff and compensation in money to plaintiff by reason thereof, with authority from the mayor and commissioners so to do; and also said commissioners invited plaintiff to appear before the commissioners while in session with a view of adjusting and settling for a consideration said injuries, and which the plaintiff attempted to do, but was unable to get said commissioners together at the time agreed upon, although the said mayor and commissioners, at various and sundry times, agreed to take up the plaintiff's claim and see what could be done for him, all of which was within 90 days from the infliction of said injuries, and then and thereby the defendant waived said notice, and became estopped from the operation thereof in its favor.

"III. Plaintiff further pleading herein says that defendants are estopped from now here pleading the said charter provision requiring the plaintiff to give the said 90 days' notice of his claim for injuries, as alleged by him. (1) By reason of the facts alleged in his petition. (2) By reason of the foregoing facts herein alleged. (3) This plaintiff here and now alleges that said defendant's officers, knowing of plaintiff's injury as alleged, and knowing his ignorance of said charter provision, through its officers, Matt Drennan, one of its commissioners, and other officers and agents of the defendant, city of Houston, fraudulently put the plaintiff off from time to time, leading him to believe that they would compensate him for the injury sustained by him, until said 90 days had expired from the date of said injury, and by reason of which said facts the said defendant, city of Houston, and its officers, defendants herein, are now here estopped from pleading said charter provision or now claiming any benefit or right thereunder."

Upon presentation of the pleadings thus interposed by the parties, appellee's general demurrer was sustained, and appellant failing to amend, his suit was ordered dismissed, from which order he has properly prosecuted his appeal to this court.

The first and seventh assignments of error raise practically the same question, and are submitted together, they being as follows:

First Assignment: "The court erred in sustaining the defendant's general demurrer to plaintiff's petition, and in holding thereby that it was necessary, as a prerequisite to a recovery by the plaintiff, that the 90 days' notice pleaded by said demurrer be given said defendant of said plaintiff's cause of action after his injury; because it appears from the allegations in plaintiff's petition, and so admitted by the defendant's demurrer, that said defendant was individually doing the work of hauling sand from defendant's own sand bank, in which capacity the plaintiff, as an employé of defendant, was injured at the time and in the manner complained of, and that therefore said provision of the charter of said city of Houston pleaded by the defendant does not apply."

Seventh Assignment: "The court erred in sustaining defendant's general demurrer to the plaintiff's petition, and in thereby holding and finding, as a matter of law, that notwithstanding the fact that the defendant was individually (and not by contract) doing the work in which the plaintiff, its employé, was injured through its negligence, and notwithstanding the fact that defendant knew and was apprised at the time of the injury, and long before 90 days thereafter, of the plaintiff's injury, and had notice required by the charter of said city of Houston, pleaded by the defendant's demurrer, in effect, that the plaintiff could not recover on account of not having pleaded the said 90 days' notice, and said city of Houston and its officers having full knowledge within said time of the time, place, manner, and extent of the plaintiff's injury, that therefore said notice was not necessary (a) because when defendant, a municipal corporation, was individually doing the work in which the plaintiff, its employé, was injured, and knowing of the time, place, manner, and extent of said injury, the said notice was not necessary; and (b) defendant, city of Houston, though a municipal corporation acting under a special charter, owning and operating a sand bank, in the operation of which plaintiff, its employé, was injured through the negligence of defendant, while in the operation of same, the defendant, city of Houston, thereby became liable to the plaintiff in the same manner and to the same extent as any private corporation would have been liable under like circumstances."

The foregoing assignments are submitted by appellant as propositions within themselves. They are followed by the following independent proposition:

"The purpose of the provision of the charter pleaded by defendant's demurrer was to give notice of the time, place, manner, and extent of any injury where the city might be liable; but when the city itself, through its officers, perpetrates the wrong complained of in individually doing the work of which the injury negligently caused by the city itself is the outgrowth, and already knows of the time, place, manner, and extent of the injury, the said notice becomes unnecessary and does not apply, as is held by the Supreme Court of this state."

The charter provision of the city of Houston interposed by appellant's demurrer as a defense to appellee's action is contained in section 11, art. 9, of the charter, and reads as follows:

"Sec. 11. Before the city of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the mayor

and city council notice in writing of such injury or destruction, duly verified, within ninety days after the same has been sustained, stating in ·such written notice when, where, and how the injury or destruction occurred, and the apparent extent thereof, the amount of damages sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the mayor and city council within the time and manner specified herein shall exonerate, excuse, and exempt the city from any liability whatsoever. * . * * "

[1] The charter of the city of Houston, of which the section just quoted is a part, is a special one granted by the Legislature of this state, and the courts of the state are required to take judicial notice of its provisions.

It will be observed from appellee's petition, above quoted, that he did not plead the giving of the 90 days' notice required by section 11 of the charter as a prerequisite to his right to a recovery, but his contention on that point, substantially, is this: (1) That the city of Houston, at the time of his injury, having been engaged in doing the work of taking sand from its own sand pit by its own employés, and not by contract, must be held to have known of the injuries sustained by him as an employé in such work, and that therefore the 90 days' notice required by the charter provision was unnecessary; and (2) that if such 90 days' notice is a requirement and condition precedent to the bringing of a suit for damages against the municipal corporation, as to the work being done by appellee for the city, wherein it was the owner of and engaged in operating the said bank in such proprietary or private capacity, it in law is, and should be treated and considered as, an individual or private corporation, and as such it had the right to and did waive, by its acts and conduct of its officers and agents, as pleaded in appellant's supplemental petition, the giving of the 90 days' notice required by the charter.

In support of his contention that the charter provision just mentioned with reference to notice had no application to the cause of action asserted by him, and that it was unnecessary to give the written notice required by section 11, as above quoted, in order to fix liability against appellee, appellant has cited perhaps as many as a dozen cases showing decisions by the appellate courts of this state which he claims clearly sustain him, the first among them being that of the City of Houston v. Isaacs, 68 Tex. 116, 3 S. W. 693.

It will be seen from section 11 of the charter of the city of Houston just quoted that as a condition precedent to liability on the part of the city for an injury of the character here asserted a written notice to the mayor and city council of the city of Houston by the claimant, showing several things, shall be made, and that such notice shall be given within 90 days after the time the claimed injury was sustained. It is required that the mayor and city council shall be given notice (1) of the claimed injury; (2) where and how it occurred; (3) the apparent extent thereof; (4) the amount of damage sustained; (5) the amount for which claimant will settle; (6) the actual residence of the claimant by street and number at the date the claim is presented; (7) the actual residence of such claimant for six months immediately preceding the occurrence of such injury; and (8) the names and addresses of the witnesses upon whom the claimant relies to establish his claim.

[2, 3] It clearly appears from this provision of the charter that the giving of the notice in writing of these several things to the mayor and city council of the city of Houston is made a condition precedent to a right of recovery by any one injured, for which injury the city is claimed to be liable, and that a failure to so notify the mayor and city council within the prescribed time shall exempt the city from any liability whatsoever to any such claimant. Thus it will be seen that there is something more of which the mayor and the city council must be given notice than the mere fact of injury claimed to have been sustained, and the cause of injury and all of these things required by the notice to be given are important matters of information to the city where claims for injuries might be asserted against it. This provision of the charter, having been specially granted by the Legislature to the city, must be held to have the same force and effect as any other positive statutory law of the state.

As we construe appellant's petition with reference to his allegations of negligence, his contention is that the sand bank at which he was injured was in a dangerous condition and liable to fall upon any one working as he was, of which condition he had no knowledge or means of knowledge, but that this condition of the sand bank was known to one Matt Drennan, who at that time was the street and bridge commissioner of the city of Houston, and that Drennan, having such knowledge, ought to have informed and warned appellant of the danger that he would encounter in taking the sand from the bank as he was doing on the occasion in question, and that Drennan's failure to do so was negligence on his part, and being the agent or representative of the city in supervising the work of taking the sand from the pit, his (Drennan's) negligence was chargeable to the city, and that the city, through Drennan, had knowledge also of the dangerous condition of the sand bank, and that any

knowledge to Drennan, under the circumstances, was knowledge to the city of Houston, and that any negligence on the part of Drennan, under the circumstances, was the negligence of the city of Houston, simply because, as claimed by appellant, the city was doing this work through its own employés and not by contract, and that since Drennan knew that appellant was injured and how his injury was caused, it was unnecessary to give the city further notice of any character in order to fix liability for the injury sustained by appellant.

It will be noted that the requirement of the charter is, not that notice of such an injury shall be given to the street and bridge commissioner of the city, or any other servant or agent of the city, but that such notice as to everything mentioned shall be given to the mayor and city council of the city of Houston. No such notice was pleaded, as will be seen from the petition above, and the question is, Did the petition, in failing to allege the notice prescribed by section 11 above, state a cause of action against appellee?

Now it is the contention of appellant that the case of City of Houston v. Isaacs, supra, clearly is authority for the contention that, under the facts as disclosed in his petition, the provision with reference to notice contained in section 11 of the charter had no application, and that no such notice as there specified was required as a condition precedent to liability against the city. We shall not attempt to discuss the case of City of Houston v. Isaacs, but it will be apparent, upon examination of the opinion in that case, that it is not authority in support of appellant's contention here, and also that the other cases cited by appellant, most of which follow and approve City of Houston v. Isaacs, as we understand them, cannot be considered as authorities in support of his contention in this case. On the contrary, we have concluded that the cases cited by appellee, to wit, Parsons v. City of Ft. Worth, 63 S. W. 889, City of Ft. Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704, Luke v. City of El Paso, 60 S. W. 363, and English v. City of Ft. Worth, 152 S. W. 179, are more nearly in point and relevant to the facts in this case, and that they support the action of the trial court in sustaining the general demurrer in this case, upon the theory that the failure on the part of appellant to give the notice required by section 11 of the charter to the mayor and city council of the city of Houston, within the time prescribed, exempted and acquitted the city of any liability whatever to appellant for the injuries sustained by him.

The remaining assignments in appellant's brief complain of the action of the court in sustaining the general demurrer for the reason, as claimed by him, that his supplemental petition clearly alleges facts which consti-

212 S.W.—51

tuted a waiver on the part of the appellee of his failure to give the written notice required by the charter, and that it was within the power of the city to so waive such notice, and that therefore the action of the court in sustaining the demurrer was clearly erroneous.

In answer to this contention we say that it is very doubtful, in our minds, whether it was within the power of any of the officers of the city of Houston to waive the provision of its charter here in question, the same having the force and effect of a positive statutory law, because it is our opinion that such provision was intended by the Legislature as a protection for the citizens of the municipality, and by such provision of the charter certain things were required to be done by a claimant for damages against the municipality before any right to such damages could accrue, and positively further provided that in the event such things were not done by such claimant no liability whatever could be established against the city for any such claimed injuries, but that on the contrary, the city shold be absolutely exempt therefrom.

[4] If, however, such notice could be waived, it could only be done by the very persons to whom such notice was required to be given, that is to say, the mayor and city council of the city of Houston, and not by the street and bridge commissioner, Matt Drennan, or by any member of the city council, or commissioner of the city of Houston, or by any number of such commissioners, but by them and the mayor of the city jointly.

We do not consider that any cáse cited by appellant in support of its contention of waiver can be construed as authority for the proposition that officers of a city, such as the city of Houston, acting under a special charter granted by the Legislature, may waive such express and positive provisions of a legislative enactment as are those contained in that provision of the charter here in question. But, if we are mistaken in the view that this provision of the city charter could not be waived, nevertheless we are of opinion that such facts as are alleged by appellant on this point are insufficient to show a waiver of the notice by the mayor and city council of the city of Houston.

We have already quoted in full appellant's supplemental petition, setting up the claimed waiver, and it is unnecessary to again quote the same, but, as we construe the same, it shows, substantially, that one of the commissioners of the city called upon appellant and offered him some written instrument to be signed by him which related to appellant's injury, and that such commissioner was authorized by the mayor and commissioners to visit appellant for this purpose, and that the commissioners notified appellant to appear before them while in session at some time, with a view of adjusting and settling

for his injury, and that appellant attempted to so appear, but failed to find the commissioners together.

[5] The reasonable interpretation of this pleading is that appellant was invited to present his claim to the city council of the city of Houston, but that because he failed to get the council together he could not do so, and, as argued by appellee, we are of the opinion that this pleading, instead of showing a waiver of the notice and the material information required in such notice, as prescribed by the city charter, negatives the idea that the mayor and city council of the city of Houston had waived the notice called for by the charter; but the reasonable inference, on the contrary, is that the mayor and city council were still insisting upon the information provided for by the charter.

After a careful consideration of this point, we have reached the conclusion that appellant's pleading did not state facts, as distinguished from conclusions of the pleader, sufficient to show a waiver by the mayor and city council of said provision of the charter.

What we have said, in effect, disposes of all the assignments of error, and it follows that they should be overruled, and the judgment of the trial court affirmed; and it will be so ordered.

Affirmed.