### CITY OF FORT WORTH v. JONES. *
### (No. 10086.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 23, 1922. Rehearing Denied Feb. 17, 1923.)

**1. Municipal corporations ⬤⟳812(9)—Written notice of accident to member of board of commissioners not service on board.**

A city's charter requiring as a condition to its liability for an injury that the injured person serve notice in writing on its board of commissioners is not satisfied by written notice to one of them.

**On Motion for Rehearing.**

**2. Municipal corporations ⬤⟳817(1)—Injured person has burden of proof of required service of notice on commissioners.**

A person seeking to hold a city for injury has the burden of showing the written notice to its commissioners by its charter made a condition to liability.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Mrs. J. H. Jones against the City of Fort Worth. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Rhinehart Rouer, Gillis Johnson, and Raymond Buck, all of Fort Worth, for appellant.

George W. Kent and W. D. Nicholson, both of Fort Worth, for appellee.

BUCK, J. This is a suit for personal injuries alleged to have been sustained by appellee, a widow, as a result of stepping into a hole on the sidewalk of one of the streets in Fort Worth. The owners of the property abutting on the sidewalk were made parties

defendant, but the court dismissed them from the suit in its judgment. The cause was tried on special issues, which were answered in favor of plaintiff below, and a judgment against the city for $2,150 was rendered, from which the city has appealed.

[1] While a number of alleged errors are presented to us, several of which involve matters of more or less serious importance, yet we have concluded to discuss only one alleged error. Charter of the City of Fort Worth, c. 13, § 4, provides:

"The city of Fort Worth shall not be held to liability for and on account of any damage or injury of any kind whatsoever to persons or property unless the person claiming the same, his agent or attorney, shall, within thirty days after such injury or damage has been sustained, serve notice in writing upon the board of commissioners, giving the day and date, the time and place where such injury or damage occurred, and the nature and character of the injury."

The attorneys for the plaintiff addressed a letter to the commissioner of streets as follows:

"Fort Worth, Texas, December 16, 1920.

"Commissioner of Streets, City Hall, Fort Worth—Dear Sir: Under date of December 11th or thereabouts, Mrs. J. H. Jones, a widow, very poor and practically penniless, with five small children, the eldest 16 years of age, was injured very severely and painfully by putting her foot in a large broken place in the cement sidewalk in front of Piggly Wiggly store on Houston, between Eighth and Ninth. She is now under care of a physician, with her ankle and leg swollen and inflamed condition. She has employed us to represent her claim to the city and has assigned to us an interest therein. Will you please be good enough to advise us as early as possible what is the policy of the city towards such unfortunate occurrences as this, and if we may expect a settlement for Mrs. Jones without having to resort to the courts?

"Thanking you, and with best wishes, we are
"Cordially yours,
"Nicholson & Kent,
"GWK:K      By Sge. Kent."

Plaintiff's attorney testified that the writing of this letter was all that he did towards giving notice. Objection was made by defendant to the introduction of this letter on the ground that the same did not constitute notice to the city of Fort Worth, as provided by the charter. It was also shown that the commissioner of streets acknowledged the receipt of this letter as follows:

"December 21, 1920.

"Messrs. Nicholson & Kent, care Texas State Bank Bldg., Fort Worth, Texas—Gentlemen: I am in receipt of your letter of December 16th relative to the Mrs. J. H. Jones matter and am to-day referring same to Mr. Frank Jones,

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 4, 1923.

city claim agent, who handles all such matters.

"Yours very truly,

"Charles D. Wiggins,

"Commissioner of Streets."

The city claim agent also acknowledged that he had been handed the letter by the commissioner of streets. Defendant proved by the assistant city secretary that he had gone over the records and minutes of the proceedings of the city commission for December and January, and found no notice of any claim for damages for plaintiff, and that such records were correctly kept. We conclude that notice to the commissioner of streets was not notice to the city commissioners as provided by the quoted section from the charter. In the City of Fort Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704, writ denied, this court, through Associate Justice Hunter, held that a notice filed with the city secretary at a time when two of the city counsel were present was not such notice to the city as required under a similar provision of the charter, and the fact that the city council did receive and consider the notice at its next regular meeting on the thirty-first day after the injury occurred did not render the city liable. See, also, English v. City of Fort Worth, 152 S. W. 179, tried before the writer as district judge, and opinion by Chief Justice Conner of this court. In Cawthon v. City of Houston, 212 S. W. 796, the Beaumont Court of Civil Appeals cited City of Fort Worth v. Shero, supra, and other cases, and concurred in their holding. This case was reversed by the Supreme Court, 231 S. W. 701, on the ground that there was evidence for the jury to support the plaintiff's claim that the city had waived the requirement of notice, but the Supreme Court otherwise approved the holding of the Court of Civil Appeals. In the case of Gribben v. City of Franklin, 175 Ind. 500, 94 N. E. 757, the Supreme Court of Indiana says:

"The failure to give the statutory notice precludes a right to maintain this action. Actual notice to a member of the common council does not dispense with the statutory notice."

In Touhey v. City of Decatur, 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350, the Supreme Court of Indiana says:

"It is well settled that when any one seeks the benefit of a statute or to enforce a statutory right or liability he must by allegation and proof bring himself clearly within its provisions. * * * The fact that the city officers named in said section 8962, supra, had notice of the time, place, and cause and nature of appellant's injuries within 30 days or within the 60 days given by said section from a full and detailed account of the same published in two daily newspapers of general circulation published within the limits of said city as alleged in each paragraph of the complaint, did not dispense with the necessity of giving the no-tice in writing required by said section. Appellant's right to maintain an action must be determined from the sufficiency of his notice, and not by the fact that appellee obtained, from other sources, full knowledge of the time, place, cause, and nature of his injury."

See Blair v. City of Ft. Wayne, 51 Ind. App. 652, 98 N. E. 736; City of New Decatur v. Chappel, 2 Ala. App. 564, 56 South. 764; Bland v. City of Mobile, 142 Ala. 142, 37 South. 843; Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745. In the last case cited the court says:

"Such statutes, requiring notice of the injury as a condition precedent to the right to maintain an action, are mandatory, and must be complied with."

To the same effect are Crocker v. City of Hartford, 66 Conn. 387, 34 Atl. 98; Gardner v. City of London, 63 Conn. 267, 28 Atl. 43; Greenleaf v. Inhabitants of Norridgewock, 82 Me. 62, 19 Atl. 91.

In the recent case of Producers' Oil Co. v. Daniels, 244 S. W. 117, by the Supreme Court on certified question from this court, the court said:

"When a statute directs that notice in writing shall be given, but is silent with reference to the manner of giving the same, personal service of such notice or a copy thereof upon the person to whom it is to be given is necessary"—citing 29 Cyc. p. 119; 20 R. C. L. p. 343, § 4; and other authorities.

We conclude from these holdings that personal service on the commissioners of the city of Fort Worth of the written required notice was essential to a right of recovery, and that such requirement is not complied with by a written notice to one of the commissioners. The conclusions above noted require us to reverse the judgment below, and here render judgment for appellant; and it is so ordered.

### On Motion for Rehearing.

The motion for an instructed verdict by appellant is found on page 36 of the transcript, and is shown to have been "Special charge No. 1, presented by the defendant city of Fort Worth," and marked "Refused, to which the defendant excepts. Bruce Young, Judge." There is a special charge for peremptory instruction appearing on page 40, not signed by the judge, or marked "Refused" by him, but the one which the court considered is on page 36.

[2] We think the evidence in this case fails to show that notice was ever served on the city commissioners, and that the burden of proof of this fact was on the plaintiff. Plaintiff in her petition recognized that the burden was on her to plead and prove notice of the injuries alleged to have been received, for she pleaded that such notice had been given. Authorities cited in City of

Fort Worth v. Shero, 16 Tex. Civ. App. 487, 41 S. W. 704.

The motion for rehearing and the motion for additional findings of fact are overruled.